ANNA WIEDEMAN

*v.*

HENRY KELLER.

*Opinion filed December 22, 1897—Rehearing denied February 4, 1898.*

SALES—*retail dealer impliedly warrants wholesomeness of articles sold for domestic use.* A retail dealer in meats and provisions impliedly warrants the soundness and wholesomeness of meat and provisions sold for domestic use, and is liable in damages if they prove unwholesome, whether he was aware of their condition or not. (*Sheffer* v. *Willoughby*, 163 Ill. 518, distinguished.)

*Wiedeman* v. *Keller*, 58 Ill. App. 382, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

This was an action brought by Anna Wiedeman, against Henry Keller, to recover on an alleged warranty in the sale of certain meats for domestic use. It is averred in the declaration that the defendant was engaged in the business of buying, and selling at retail,

provisions, meat and other food, and kept a market for the sale to the inhabitants of said city of meats and other articles of food for domestic use and for immediate consumption; that on the 11th day of July, 1886, the plaintiff purchased of the defendant, and paid him for the same, certain meats for immediate consumption by herself and her family, which purpose was then known to the defendant; that defendant assured plaintiff and warranted that the meat so sold to the plaintiff was good, sound, healthy, wholesome meat, free from every defect and fit to be eaten; that plaintiff, relying upon the assurance and warranty of the defendant, cooked the said meat, and the same was on said day eaten by the plaintiff and her family, and by reason of eating the same the plaintiff and her family were made ill, disordered, diseased, etc.

The court refused the following instruction asked by the plaintiff:

2. "The law makes the seller of articles of food sold for immediate consumption a warrantor that the articles he sells for immediate consumption are wholesome, and free from all defects that may injure the health of the purchaser; and if the defendant sold to the plaintiff meat for immediate consumption that was diseased or infected with anything unwholesome, and which rendered it unwholesome as food, and which could not be perceived by the plaintiff, and that by reason of such defect the plaintiff, from eating such food, was made ill, then the defendant is bound, by law, to compensate the plaintiff for all of the direct and necessary damage she suffered by reason of eating the said food."

The court gave the following instruction asked by the defendant:

15. "The court instructs the jury that the defendant is required by law to use ordinary and reasonable care in the selection and sale of meat, and must honestly disclose any defects in the meat he sells, so far as he knows any, or could by the exercise of ordinary and reasonable

care discover them, but he is not required to know or warrant against defects which are wholly secret in their nature and not discoverable by such reasonable and ordinary care."

RUFUS KING, for appellant:

In all sales of food or provisions for immediate domestic use by one who exposes them for sale or deals therein, there is an implied warranty of fitness and wholesomeness for consumption. 10 Am. & Eng. Ency. of Law, p. 153, and cases cited.

PRUSSING & McCULLOCH, and CATHARINE WAUGH McCULLOCH, for appellee:

There is in the sale of food no implied warranty against defects of which the vendor has no knowledge, and which he cannot discover by the exercise of reasonable or ordinary care. *Sheffer* v. *Willoughby*, 163 Ill. 518; *Buckingham* v. *Water Co.* 142 Pa. St. 221; *Julian* v. *Laubenberger*, 38 N. Y. Sup. 1052; 10 Am. & Eng. Ency. of Law, 155; *Goad* v. *Johnson*, 6 Heisk. 340; 2 Schouler on Personal Prop. (2d ed.) 348; Biddle on Warranties, 193; *Chandelor* v. *Lopus*, 2 Croke, 4; *Wright* v. *Hart*, 18 Wend. 464; *Emerson* v. *Brigham*, 10 Mass. 196; *Moses* v. *Mead*, 1 Denio, 387; *Giroux* v. *Steadman*, 145 Mass. 439.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The question of law raised by the decision of the court in giving, refusing and modifying instructions, involved in this case, is whether a retail dealer in meats and provisions for consumption is to be regarded as a warrantor that the goods he sells for immediate consumption are sound, wholesome, and free from all defects that may injure the health of the purchaser, or whether the vendor is relieved of responsibility where he has no knowledge of the defective character of the articles sold, and has used reasonable and ordinary care to guard against the

selection or purchase of defective or unwholesome articles for sale to his customers.

The question is one not free from difficulty, and one upon which text-writers and courts are not harmonious. In 3 Blackstone's Commentaries (165) that distinguished author lays down the following proposition: "That in contracts for provisions it is always implied that they are wholesome, and if they are not, case lies to recover damages for the deceit." In Chitty on Contracts (452) the author, in the discussion of the question, among other things says: "It seems that in contracts for provisions there is always an implied warranty that they are wholesome." In Story on Sales, (4th ed. sec. 373,) speaking of warranty on the sale of personal property, the author says: "Under this head also is included the implied warranty which is raised in the sale of provisions, where they are sold for immediate domestic use by dealers and common traders in provisions, that they are sound and wholesome, on the ground that such a warranty is necessary for the preservation of health and life." In Long on Sales (chap. 4) the author lays down substantially the same doctrine. In 2 Benjamin on Sales, (sec. 1007) after reviewing a number of authorities on the question, the author says: "The notion of an implied warranty in such cases appears to be an untenable inference from the old statutes, which make the sale of unsound food punishable." But in section 1012 he also says: "In America, upon the question of implied warranty in the sale of provisions, it has been laid down, in the State of New York, that to render a vendor liable they must be sold for domestic use or immediate consumption. The ground given for the implied warranty is, that it is a principle not only salutary, but necessary to the preservation of health and life. The warranty will only be implied where the vendor is a dealer or trader in provisions who sells directly to the consumer for domestic use. In other respects the law as to implied warranty of quality seems to be the same in

America as in England." In the discussion of the question by Schouler in his work on Personal Property (vol. 2, sec. 358,) it is said: "In America the courts of several States have pointedly refused to infer a warranty of quality from contracts for the sale of specific wholesale provisions, or of live animals as articles of merchandise, notwithstanding the ultimate destination of the thing for domestic consumption, though they further intimate that the rule would be otherwise in the retail sale of provisions or meat directly to the consumer. It would seem to be best, on the whole, to let the ordinary maxim of *caveat emptor* apply to all sales of specific and selected articles ultimately destined for food, if actually inspected by the buyer and taken upon his own judgment, due regard being paid to the effect of the above legislation or of modern local acts in enlarging the liability of common dealers of food beyond the usual legal exceptions to the maxim; but in the sale of such articles, when unascertained and not inspected by the buyer, who has been obliged to rely upon the seller's judgment,—as in cases where the dealer supplies an order,—to give operation to that implied warranty of fitness which appertains to all other chattels similarly situated." In 10 Am. & Eng. Ency. of Law (p. 153) the author says: "But, generally speaking, in the United States the law is, that in all sales of food or provisions for immediate domestic use by one who exposes them for sale or is a dealer, there is an implied warranty of fitness and wholesomeness for consumption."

As early as 1815, in *Van Bracklin* v. *Fonda*, 12 Johns. 467, it was held in the State of New York that in the sale of a quarter of beef for domestic use, which was unsound and unwholesome, and known to be so by the defendant, an action on the case would lie against the vendor. In *Morris* v. *Mead*, 1 Denio, 367, Chief Justice Brennan, while doubting the rule laid down by Blackstone, referred to the rule laid down in *Van Bracklin* v. *Fonda*, *supra*, and held that in a sale of provisions by a dealer for immediate do-

171—7

mestic consumption a warranty of wholesomeness would be implied, on the ground of public policy. (See, also, *Burch* v. *Spencer*, 15 Hun, 504; *Devine* v. *McCormick*, 50 Barb. 116.) In *Winsor* v. *Lombard*, 18 Pick. 62, in the decision of the case, although the point was not directly involved, Chief Justice Shaw said: "In a case of provisions it will readily be presumed that the vendor intended to represent them as sound and wholesome, because the very offer of articles of food for sale implies this; and it may readily be presumed that a common vendor of articles of food, from the nature of his calling, knows whether they are unwholesome and unsound or not." In *Goad* v. *Johnson*, 6 Heisk. (62 Tenn.) 340, although the question was not directly involved, a different view was taken. A number of other cases have been cited in the briefs, but it will not be necessary to refer to them here.

The appellee, Henry Keller, was a retail dealer in meats. The appellant called at his place of business and purchased a quantity of pork to be used in her family. The pork turned out to be unwholesome and unfit for use. In England, at common law, there could be no recovery, as there was no implied warranty of quality,—in other words, the rules of law applicable to implied warranties govern and apply in the sales of food and provisions, as in sales of other goods. But there are no special implied warranties in the sale of meats and provisions that do not exist in relation to other articles. (10 Am. & Eng. Ency. of Law, p. 153.) But the law on the subject as established in England does not prevail here. As a general rule, we think the decided weight of authority in the United States is, that in all sales of meats or provisions for immediate domestic use by a retail dealer there is an implied warranty of fitness and wholesomeness for consumption. There is, however, no implied warranty of soundness or wholesomeness arising from the sale of meats or provisions to a dealer or middle-man who buys on the market, not for consumption, but for sale to others.

Nor would there be any liability, in a sale for immediate domestic use, where the vendor was not a regular dealer. (10 Am. & Eng. Ency. of Law, p. 157.) In this case, however, the appellee was a regular retail dealer, and as such he sold the meat to appellant for domestic use, and, under the law as it seems to be settled in this country, as the meat turned out to be unwholesome, he was liable, although he was not aware that it was diseased when he sold it to appellant.

In an ordinary sale of goods the rule of *caveat emptor* applies, unless the purchaser exacts of the vendor a warranty. Where, however, articles of food are purchased from a retail dealer for immediate consumption, the consequences resulting from the purchase of an unsound article may be so serious and may prove so disastrous to the health and life of the consumer that public safety demands that there should be an implied warranty on the part of the vendor that the article sold is sound and fit for the use for which it was purchased. It may be said that the rule is a harsh one; but, as a general rule, in the sale of provisions the vendor has so many more facilities for ascertaining the soundness or unsoundness of the article offered for sale than are possessed by the purchaser, that it is much safer to hold the vendor liable than it would be to compel the purchaser to assume the risk. Moreover, we have a statute which makes it a crime for any person to sell or offer to sell, or keep for sale, flesh of any diseased animal. (Hurd's Stat. 507.)

*Sheffer* v. *Willoughby*, 163 Ill. 518, has no bearing on this case, as that case was predicated by the plaintiff upon the sole ground of the negligence of the defendant.

From what has been said it follows that the court erred in the instructions to the jury, and for that reason the judgments of the Appellate and circuit courts will be reversed and the cause remanded.

*Reversed and remanded.*