## Coyle, Appellant, *v.* Schrull.

*Practice, C. P.—Affidavit of defense—Assumpsit—Tort—Negligence—Act of May 25, 1887, P. L. 271.*

Where a cause of action is of a mixed character, containing an element of contract and an element of tort, the defendant will not be required to file an affidavit of defense although the action may have been properly brought in assumpsit.

Argued Dec. 13, 1911. Appeal, No. 225, Oct. T., 1911, by plaintiff, from order of C. P. No. 5, Phila. Co., June T., 1911, No. 710, discharging rule for judgment for want of

a sufficient affidavit of defense in case of John J. Coyle v. David Schrull and George Kelly. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for failure to keep safely an automobile left in storage.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging judgment for want of a sufficient affidavit of defense.

*Richard T. McSorley,* for appellant.—The procedure Act of May 25, 1887, P. L. 271, requires an affidavit of defense in actions upon oral contracts, although the construction of this statute to include this class is not in absolute accord with the ordinary or literal meaning of its words: Porter v. Hildebrand, 14 Pa. 129.

When a person, under a contract, fails in the performance of a duty imposed by the contract and is guilty of negligence in the care of goods, the owner may sue in assumpsit to recover for his loss: Zell v. Dunkle, 156 Pa. 353; Menner v. Del. & Hudson Canal Co., 7 Pa. Superior Ct. 135; Corry v. R. R. Co., 194 Pa. 516.

*B. I. deYoung,* for appellees.—Under the Act of May 25, 1887, P. L. 271, the legislature intended to confine the remedy by judgment for want of an affidavit of defense to actions ex contractu alone: Corry v. Railroad Co., 194 Pa. 516.

Under the second head, it is respectfully submitted that a defendant is not required either to plead or reply by affidavit of defense to an insufficient statement of claim: Bill Posting Sign Co. v. Jermon, 27 Pa. Superior Ct. 171.

OPINION BY RICE, P. J., March 1, 1912:

The plaintiff's statement of claim in this action of as-

sumpsit alleges that part of the defendants' business was the storing of automobiles, and that he delivered to them his automobile, upon their promise, in consideration of the monthly charge which he agreed to pay, to take due care of and securely keep the automobile for the plaintiff and redeliver it to him when they should be requested. The statement further alleges that the automobile had securely attached to it a shoe and cover thereof of the value of $46.00, and that the defendants, not regarding their promise, did not take due care of and securely keep the automobile, shoe and cover, but, on the contrary, "so carelessly conducted themselves with respect to the said automobile, shoe and cover and took so little care thereof that by and through the mere carelessness, negligence and improper conduct of the said defendants and their servants in that behalf," the shoe and cover were wholly lost to the plaintiff, to his damage in the sum of $46.90. In response to the rule on defendants to file an affidavit of defense, they answered, under oath, that they were advised that, as the cause of action set forth in the statement was founded on negligence, they were not required to file an affidavit of defense. Subsequently, the plaintiff entered rule for judgment for want of an affidavit of defense, and from the discharge of that rule took this appeal.

We are of opinion that the court could not have granted judgment without ignoring the construction that was given to the Act of May 25, 1887, P. L. 271, in Corry v. Penna. R. R. Co., 194 Pa. 516, and applied in that case. Chief Justice Green, speaking for the court, said: "We think an examination of the act of 1887 clearly shows that it was the intent of the legislature to confine the remedy by judgment for want of an affidavit of defense to actions ex contractu alone, as they were before the act was passed, and not to extend this remedy to actions ex delicto, or in their nature ex delicto." Then, after discussing secs. 3 and 5, he said: "It seems to us quite clear that it was intended to limit the actions of assumpsit for which judgment may be asked for want of an affidavit of defense to

such only as were founded upon contract alone. There is nothing in the language of either section which contemplates cases in which the cause of action may be ex delicto, or of a mixed character containing an element of contract, and an element of tort." This precisely describes the cause of action upon which the plaintiff saw fit to declare in this case, and, though assumpsit would lie, yet, as the cause of action was of a mixed character, containing an element of contract and an element of tort, it is not the kind of cause of action which requires an affidavit of defense. The same view of the scope of the act of 1887 was taken in Com. v. Milnor, 23 Pa. Superior Ct. 1, and in Southern Steamship Co. v. Hull, 46 Pa. Superior Ct. 299.

The appeal is dismissed at the costs of the plaintiff, but without prejudice to his right of trial by jury and a second appeal after final judgment.