Nock *v.* Coca Cola Bottling Works of Pittsburgh, Appellant.

516

Argued April 24, 1931.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Robert A. Applegate* and with him *Rose & Eichenauer* for appellant, cited: Birmingham Chero-Cola Bottling Co. v. Clark, 205 Ala. 678; Flaccomio v. Eysink, 129 Md. 367; Tavani v. Swift & Company, 262 Pa. 184; Rozumailski v. Philadelphia Coca Cola Bottling Co., 296 Pa. 114.

*Jacob Frank,* and with him *Louis F. Adelman,* for appellee, cited: Catani v. Swift & Company, 251 Pa. 52; Gallivan v. Wark Co., 288 Pa. 456.

OPINION BY BALDRIGE, J., July 8, 1931:

The plaintiff purchased from a retailer a bottle of coca cola which was produced from an ice chest, the

cap removed therefrom by the use of an opener attached underneath the counter, and the bottle then handed to the plaintiff. She had consumed a portion of the contents, when she was conscious of a creeping sensation on her lips, which proved to be due to a worm that had been in the bottle. She brought this action in assumpsit against the defendant who had manufactured and sold the product to the retailer, and recovered a verdict for $500.

The appellant's first position is, that the suit should not have been brought in assumpsit. The learned court below held that the plaintiff could waive a tort and sue in assumpsit and that a recovery could be had under the Act of May 4, 1889, P. L. 87, which relates to "Sales of provisions by description," and provides: "That in every sale of green, salted, pickled or smoked meats, lard, and other articles of merchandise used wholly or in part for food......there shall be an implied contract or undertaking that the goods or merchandise are sound and fit for household consumption." If we were considering an implied warranty of soundness or wholesomeness arising upon a sale of food products, the conclusion reached by the court below would have been warranted under Weiss v. Swift & Co., 36 Pa. Superior Ct. 376, but there is nothing in the title or the body of the act in question that refers to a drink or beverage. Webster, in his International Dictionary, defines "food" as a "nutritive material absorbed or taken into the body of an organism for purposes of growth or repair and for the maintenance of the vital processes." It is pointed out in Com. v. Kebort, 212 Pa. 289, that the words "food" and "drink" are, in common usage and understanding, complementary and associate terms, but they are far from synonymous and import a plain and fundamental distinction. See also Com. v. Pflaum, 50 Pa. Superior Ct. 55, 59, affirmed by the Supreme

Court in 236 Pa. 294. It was not averred or proven that coca cola is a food. We are not in accord, therefore, with the view that assumpsit lies under the Act of 1889, supra, but place our conclusion on other grounds.

There is considerable confusion in the decisions as to the theory of the liability of the defendant in this class of cases. Some of them hold that an action is based upon negligence alone; others that it may be founded on an implied warranty; and still others that where an implied warranty exists, it does not extend to third parties. Undoubtedly, an action in tort could have been brought, but in determining whether or not that form is exclusive, one is confronted by a conflict of authorities which is confusing. The question whether an assumpsit under a contract of implied warranty of fitness, etc., may be maintained is, in many instances, so closely related to the question of negligence that the decisions are not always susceptible of clear classification. In 26 C. J. 783, it is stated that the general rule is, that in all sales of food or beverages for immediate consumption by a dealer, there is an implied warranty of fitness or wholesomeness for the consumer.

There is, undoubtedly, a very substantial weight of authorities holding that an implied warranty, in cases of this character, will lie: Crigger v. Coca-Cola Bot. Co., 132 Tenn. 545, 179 S. W. 155; Boyd v. Coca Cola Bot. Works, 132 Tenn. 23, 177 S. W. 80; Craft v. Parker W. & Co., 96 Mich. 245, 55 N. W. 812; Truschel v. Dean, 77 Ark. 546, 92 S. W. 781; Bunch v. Weil, 72 Ark. 343, 80 S. W. 582; Nelson v. Armour Pkg. Co., 76 Ark. 352, 90 S. W. 288; Walters v. U. Grocery Co., 51 Utah 565, 172 Pac. 473. Catani v. Swift & Co., 251 Pa. 52, is very generally cited in support of this conclusion. It is true the plaintiff in that case brought an action in trespass, but Mr. Chief Justice Frazer

expressed the general rule ''that where the sale of articles of food is for immediate consumption there is an implied warranty that the food is wholesome and fit for the purpose intended, irrespective of the seller's knowledge of disease or defects therein.'' He cited with approval Wiedeman v. Keller, 171 Ill. 93, 49 N. E. 210, where it is stated, ''As a general rule, we think the decided weight of authority in the United States is, that in all sales of meats or provisions for immediate domestic use by a retail dealer there is an implied warranty of fitness and wholesomeness for consumption. There is, however, no implied warranty of soundness or wholesomeness arising from the sale of meats or provisions to a dealer or middleman who buys on the market, not for consumption, but for sale to others.'' But, in our view, which we will more fully refer to later, that expression is inapplicable to canned goods or bottled beverages, which were not involved in that case.

In Davis v. Van Camp Pkg. Co., (Iowa), 176 N. W. 382, there is an elaborate and interesting discussion of the principles involved in this case, and a number of other authorities are cited. See also 17 A. L. R. 649 to 710, where both sides of the question are considered. True, many other authorities may readily be found holding the opposite view (unless the article is inherently dangerous), such as Windram Mfg. Co. v. Boston Black. Co., 131 N. E. 454, and the cases cited therein.

We think the sounder reasoning is in support of the theory that a sale of food or beverage impliedly warrants that it shall be free of a foreign matter which may be injurious to the well-being of the consumer. Nor do we see any just reason, from a public policy standpoint, as the health or human life may be involved, why a sale of food or beverage intended for human consumption should not carry with it an im-

plied warranty that it is suitable and wholesome. Our Sales Act of May 19, 1915, P. L. 543, Section 15, provides that an implied warranty as to the quality or fitness for a particular purpose may be annexed by the usage of trade. Of course, there could have been no question as to the particular purpose for which the coca cola was to be used. It can hardly be conceived that it was for any other than drinking purposes and the implication is so strong as to be almost conclusive.

If it be assumed that the action was improperly begun in assumpsit, we will not reverse on such a formal matter after a trial, notwithstanding the case was tried as if brought in trespass, without objection to the form of the action. "The pleadings are not of much account after a trial in the court below on the merits": Readdy v. Bor. of Shamokin, 137 Pa. 92. In the case of Erie City Iron Works v. Barber, 118 Pa. 6, 19, the court said, "After a trial on the merits, no defect of pleading which could have been raised by demurrer will be fatal to the judgment, unless it is shown to have injuriously affected the trial. The proper amendment will be considered to have been made." See also Cavene v. McMichael, 8 S. & R. 441; Fox v. Cohen, 65 Pa. Superior Ct. 337; Smith v. Bellows, 77 Pa. 441; Bright v. Getz, 81* Pa. 144; Wilkinson v. Northeast Boro., 215 Pa. 486; N. Y. & Penna. Co. v. N. Y. C. R. R., 267 Pa. 64.

That brings us to the question whether or not there was a privity of contract which created a liability. If the buyer has an opportunity to examine the article, as in Wiedeman v. Keller, supra, where the product sold was meat, there may not be a liability, but when there is a sale in the original package, the rule now seems to be recognized that there is a privity of contract. In 11 R. C. L. 1122, it is stated, "In the case of articles of food sold in cans, bottles and sealed pack-

ages, some of the earlier decisions denied the right of the consumer to recover from a manufacturer, it appearing the goods were purchased through the medium of a retail dealer.'' In 17 A. L. R. 688, this principle is recognized in the following language: ''The decided weight of authority is to the effect that an ultimate consumer may bring an action directly against a negligent manufacturer or packer for injuries from the use of a dangerous article, such as unwholesome food or beverages, though there is no contractual relation between the parties.'' A manufacturer may not ordinarily be liable to those with whom he has no contractual relation, but if he puts goods upon the market in a bottle or original package, he, in effect, represents to each purchaser that the contents thereof are wholesome and suitable for the purpose for which they are sold, and the common law doctrine of caveat emptor does not prevail. If the purchaser is without opportunity to examine for himself, as when he buys a bottle of beverage or a can of food, he has a right to rely upon the assurance of the manufacturer that the contents are fit and wholesome, and it is only just and reasonable to hold him responsible. See Crigger v. C. C. Bot. Co., supra; Tomlinson v. Armour & Co., 75 N. J. L. 748, 70 Atl. 314; Boyd v. C. C. Bot. Works, supra; Jackson C. C. Bot. Co. v. Chapman, 106 Miss. 864, 64 So. 791; Nelson v. Armour Pkg. Co., supra; Mazetti v. Armour & Co., 75 Wash. 622, 135 Pac. 633. We conclude, therefore, that there was an implied warranty for the plaintiff to found his action.

Nor do we regard the averments in the plaintiff's statement as inconsistent. It sufficiently sets up a breach of an implied warranty, or, as called by Justice HOLMES, in Murchie v. Cornell, 155 Mass. 60, 29 N. E. 207, ''a breach of a condition,'' which intimately involves a tortious act. The damages sustained were essentially due to negligence and they were not fixed by

the contract itself; they had to be proved; a judgment could not have been taken for want of an affidavit of defense. Although the action was of a mixed character, containing an element of tort and an element of contract, it was founded distinctly on a contract, for the breach of which, assumpsit would lie: Coyle v. Schrull, 49 Pa. Superior Ct. 386; Cowan v. Nagel, 89 Pa. Superior Ct. 122; Corry v. P. R. R., 194 Pa. 516; Parry v. First Natl. Bank of Lansford, 270 Pa. 556. The defendant in filing his affidavit of defense plead to the issues raised and thereby waived the right to question the form of action, as the Practice Act of 1915 treats an affidavit of defense as a plea: Parry v. First Natl. Bank, supra.

It is argued further that "plaintiff's evidence on the question of negligence was not such as to justify the submission of that question to the jury." That contention is completely answered in the case of Rozumailski v. Phila. Coca Cola Bot. Co., 296 Pa. 114, where a dealer sold a bottle of coca cola from his ice box, removed the cap, and handed it to plaintiff, who was injured by swallowing ground glass which he testified came from the bottle. The accident proved defendant's negligence, notwithstanding the fact that it was not shown how the glass got into the bottle. The court said in the opinion, "In the ordinary conduct of its business this glass would not be there. It could get there only through accident or the carelessness of some servant along the line of preparation of coca cola, and its placement in the bottle........ It is a case where the accident proves its own negligent cause, and the jury would be permitted to infer negligence, as the court below instructed it, from the fact that ground glass had been found in the bottom of the bottle. The particular dereliction is not shown, nor was it necessary; the negligent act is demonstrated by showing glass in the bottom of the bottle." All that

was incumbent upon the plaintiff was to show the presence of the foreign matter in the bottle. It was then for the jury to determine whether or not its presence resulted from the negligence of the defendant. The defendant in this case, as in the other coca cola cases cited, proved that precaution was taken in every step of the manufacturing process to produce an article that was wholesome and fit for consumption, but as it involved human conduct, which, as we know, is not infallible, the proof of exercising due care was not so conclusive as to justify the court in holding that the question of negligence was not for the jury.

The last contention is, that the charge of the court was inadequate. At the conclusion of the court the defendant made no reply to the inquiry of the trial judge as to whether or not any further instructions were desired. If there was a failure to instruct adequately the jury as to any essential feature to the defense, it was only fair to the trial judge that counsel should have responded to that invitation, as one may not sit silent and take chances of an adverse verdict and then complain of a matter which could have been immediately rectified: Com. v. Zappe, 153 Pa. 498; Kehoe v. Traction Co., 187 Pa. 474; Com. v. Razmus, 210 Pa. 609.

The foregoing reasons lead us to hold that there is no merit in the assignments of error. Judgment affirmed.