## McDaniel v. Wildroot Company, Inc.

*O'Malley, Hill, Harris & Harris*, for plaintiff.
*O'Malley & O'Malley*, for defendant.

LEACH, J., April 30, 1934.—Plaintiff's statement sets forth that he purchased a bottle of Wildroot hair tonic, which had been advertised and recommended by the defendant company with the assertion that it was a remedy for dandruff. Plaintiff's statement further shows that, induced by such representations, he purchased a $1 bottle of said Wildroot hair tonic, and as a result of applying it he was injured by the poisons therein and suffered great torture to mind, body, and nerves, and the upper portion of his body was severely poisoned. The suit being in assumpsit, defendant filed an affidavit of defense raising questions of law, claiming that there was no warranty expressed or implied, and therefore the action should be in trespass and not in assumpsit.

Section 12 of The Sales Act of May 19, 1915, P. L. 543, 69 PS §121, reads as follows:

"Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon no affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only, shall be construed as a warranty."

In construing said section, the Superior Court states:

"We think the sounder reasoning is in support of the theory that a sale of food or beverage impliedly warrants that it shall be free of a foreign matter which may be injurious to the well-being of the consumer. Nor do we see any just reason, from a public policy standpoint, as the health or human life may be involved, why a sale of food or beverage intended for human consumption should not carry with it an implied warranty that it is suitable and wholesome.

Our Sales Act of May 19, 1915, P. L. 543, Section 15, provides that an implied warranty as to the quality or fitness for a particular purpose may be annexed by the usage of trade. Of course, there could have been no question as to the particular purpose for which the coca cola was to be used. It can hardly be conceived that it was for any other than drinking purposes and the implication is so strong as to be almost conclusive": Nock v. Coca Cola Bottling Works of Pittsburgh, 102 Pa. Superior Ct. 515, 519-520.

The rule that the manufacturer or packer of an unwholesome or poisonous article is liable to the ultimate consumer is not confined to foods and beverages: Pillars v. R. J. Reynolds Tobacco Co. et al., 117 Miss. 490, 78 So. 365; Gerkin v. Brown & Schler Co., 177 Mich. 45, 143 N. W. 48.

Now, April 30, 1934, the affidavit of defense raising questions of law is decided in favor of the plaintiff and defendant is allowed 15 days to file an affidavit of defense to the merits.