## Baldwin et ux. v. S. S. Kresge Co.

*T. P. Devers*, for plaintiffs.
*O'Malley, Hill, Harris & Harris*, for defendant.

LEACH, P. J., January 8, 1937.—Plaintiff, Crescentia Baldwin, was at the cosmetic counter of defendant's store. Next to the article which she was purchasing was a package labeled "Lovalon" hair rinse. Plaintiff's testimony is:

"I asked the clerk if she thought it would hurt my hair. She said, 'It is only a pure vegetable rinse. It is not a dye or a bleach. It is recommended by Good Housekeeping,' and she said she would recommend platinum no. 1 shade for me and that is what I bought."

Contrary to the statement of the clerk and to the reading on the package itself, it was a dye, and turned plaintiff's hair purple, in which condition it continued for several months.

The jury awarded $350 damages, and defendant brought this rule for judgment n. o. v. Defendant contends that it was a patent or proprietary remedy and therefore the fourth paragraph of section 15 of the Sales

Act of May 19, 1915, P. L. 543, applies. Said section is as follows:

"In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose."

If plaintiff came into the store and asked for the Lovalon hair rinse by its name without any further conversation there is a possibility that defendant's contention might apply. However, it has been held in a similar case in Massachusetts, Smith v. Denholm & McKay Co., 288 Mass. 234, 192 N. E. 631, that where the clerk recommended a patent hair removing cream another section of the Sales Act applied. Section 12 of the Sales Act is as follows:

"Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon no affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only, shall be construed as a warranty."

Even without the above authority from Massachusetts, the Sales Act must be construed as a whole. It has been held in this State, in West v. Katsafanas, 107 Pa. Superior Ct. 118, and in Nock v. Coca Cola Bottling Works of Pittsburgh, 102 Pa. Superior Ct. 515, that the sale of food or beverages implies the warranty that it shall be free of foreign matter which may be injurious to the well-being of the consumer. The court further stated that from a public policy standpoint if health or human life be involved they see no just reason why such sales should not carry with them an implied warranty that it is suitable and wholesome.

It is a well-known fact that many cosmetics contain poisonous substances and their application may be dan-

518

gerous to health or life. Public policy requires the same care in the sale of a cosmetic as in the sale of any other drug applied externally. In the case at bar it was not denied that for the purpose of making a sale defendant's clerk said that the article was not a dye. It was a dye and plaintiff was injured. We see no reason why section 12 of the Sales Act, which states that "Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods," should not be applied in this case.

*Order*

January 8, 1937, rule for judgment n. o. v. is discharged.