## LaGrotte v. Bottling Company et al.

*Mabel B. Ditter*, for plaintiff.

*Raymond Pearlstine*, for defendants.

KNIGHT, P. J., March 16, 1949.—Plaintiff, in August 1947, conducted a small restaurant in the Borough of Ambler. Among the products handled and sold by him was a beverage or soft drink, bottled by defendants, and sold under the trade name of Dad's Old Fashioned Root Beer.

On Friday, August 1, 1947, a customer or patron of the restaurant ordered a bottle of Dad's Old Fashioned Root Beer. An employe of plaintiff took a bottle of the beer, removed the cap, put a straw in the bottle and placed it before the customer, who had consumed about one half of the contents when he called the attention of the employe of plaintiff to something in the bottle, which turned out to be a mouse. Other persons in the restaurant at the time saw the mouse in the bottle and some of them left without paying for the food they had ordered.

The bottle containing the mouse was one of a number sold and delivered to plaintiff by one Worthington, an agent or employe of defendants. The bottle bore a label announcing that it contained Dad's Old Fashioned Root Beer.

The occurrence became known, and was talked about among the people of Ambler. Alleging that his business had suffered, and that he had sustained losses by reason of the occurrence, plaintiff brought this suit in trespass against defendants as the bottlers of the beverage.

After plaintiff had closed his case, defendants offered no evidence, and both parties submitted points for binding instructions. The trial judge refused the point presented by defendants, and affirmed the point presented by plaintiff, but instructed the jury that plaintiff had failed to prove any damage, and that

the verdict could not exceed six cents, whereupon the jury, at the direction of the court, rendered a verdict for plaintiff, and assessed the damages at six cents.

Plaintiff has moved for a new trial, assigning as his reason the direction of the court as to the matter of damages. Defendants have moved for judgment n. o. v.

We are of the opinion that the trial judge erred in directing a verdict for plaintiff, and in instructing the jury to award but nominal damages.

The bottle with the decomposed mouse in it was admitted in evidence, but the only evidence that it had not been tampered with and the cap removed immediately before it was served to the customer was the oral testimony of an employe of plaintiff. True, there was no evidence to the contrary, but the testimony of the witness was for the jury to appraise. They may not have believed him, and may have thought the mouse was a gruesome practical joke the employe was perpetrating on the customer.

Plaintiff sought to prove his damages in two ways. He and an employe testified that immediately following the episode his business began to fall off, and in corroboration produced an account book, which showed his gross daily receipts, and his monthly expenditures. This book, in the opinion of the trial judge, did not help plaintiff, and at no time in his testimony did he estimate his loss of profits. Perhaps the jury could have taken the book which was admitted in evidence, and with a lot of figuring discovered the difference in the profits during the months preceding and succeeding the advent of the mouse, and perhaps the jury could have figured out some reasonable basis of ascertaining plaintiff's loss, if he had any, allowing for such variables as the weather, season of the year, etc.

Plaintiff called several witnesses who were in the restaurant and witnessed the occurrence. These wit-

nesses, while stating that plaintiff was free from blame, said they would not eat in his place again because of the association of ideas. Plaintiff called one witness who had not been in the restaurant at the time of the occurrence, but who had heard of it, and testified that she had stopped eating there because of the mouse in the root beer. The witness was rather weak and vague as to her reasons for not eating in plaintiff's restaurant simply because a mouse was found in a widely advertised brand of soft drink that happened to be sold by plaintiff.

The law does not require that damages be proved with mathematical certainty. In many cases this would be impossible.

"The law requires that damages be assessed, not merely upon conjecture nor, on the other hand, with absolute certainty, but with reasonable certainty": Stone v. C. I. T. Corp., 122 Pa. Superior Ct. 71, 78 (1936).

It is often difficult to say where the line should be drawn between an intelligent guess and a reasonable estimate based on the evidence. It often depends upon the facts of an individual case. In the present instance, we repeat, plaintiff made no estimate of his loss of profits, he simply offered in evidence a book from which it might be figured what his loss of business had been, but loss of profits and loss of business are different things. The jury could, with much labor and difficulty, figure out the loss of profits from the book, giving due weight to the testimony of plaintiff and his cook as to the falling off of business, as well as the testimony of his customers who stated they would not eat at plaintiff's place because of the mouse episode.

We, therefore, are of the opinion that the trial judge erred in not leaving the assessment of damages to the jury. It is to be hoped if the case is retried that plaintiff will be prepared to show his loss of profits.

Defendants move for judgment n. o. v. and contend that plaintiff utterly failed to prove that defendants were negligent in any way. There are many cases in the books in which the ultimate consumer has brought suit against the manufacturer or processor of food or drink, because of injuries sustained by reason of the contamination of the food or drink, but the industry and research of counsel on both sides, as well as our limited research, has failed to disclose one case in Pennsylvania in which the retailer has brought the suit against the manufacturer, bottler or processor, alleging damage to his business caused by the sale of contaminated food or drink to one of his customers. We believe this dearth of authority is due not so much to the absence of liability but to the difficulty of proving any damage. It is hard to believe that people would cease to patronize a restaurant simply because a deleterious substance was found in a bottle of soft drink sold under a brand name and widely advertised and distributed.

When defendants bottled and sold a soft drink under the trade name of Dad's Old Fashioned Root Beer, there was an implied warranty with each bottle, that it was fit for human consumption; we believe this warranty was broad enough to cover not only the ultimate consumer but the innocent retailer who sold it to him. If defendants were negligent in the bottling of the soft drink it would seem but simple justice that they should be liable to anyone who was injured by that negligence, not only those who consumed it but those who handled it in the trade.

The industry of counsel has discovered only two cases in which this question has been considered in the United States. These are Neiman v. Channellen Oil & Mfg. Co., 112 Minn. 11, 127 N. W. 394 (1910), and Mazetti v. Armour & Co., 75 Wash. 622, 135 Pac. 633,

48 L. R. A. (N. S.) 213 (1913), in both of which the court held that an action would lie by the retailer against the manufacturer or bottler. It is significant that no case has been called to our attention which holds that such an action would not lie.

Counsel for defendants argues that plaintiff failed to show any negligence on the part of defendants. This argument is answered by the Superior Court in the case of Menaker et al. v. Supplee-Wills-Jones Milk Co., 125 Pa. Superior Ct. 76 (1937). This was a mouse case, and the court, in the opinion, said:

"A manufacturer who puts upon the market food intended for human consumption in a sealed bottle or original package is held to represent to each purchaser, even though the purchase is made through a dealer, that the contents thereof are wholesome and suitable for the purpose for which they are sold: Nock v. Coca Cola Bottling Works, 102 Pa. Superior Ct. 515, 521, 156 A. 537; Rozumailski v. Philadelphia Coca-Cola B. Co., 296 Pa. 114, 145 A. 700; Catani v. Swift & Co., 251 Pa. 52, 95 A. 931. 'Those engaging in the business of manufacturing or compounding food or beverages for consumption must use a high degree of care to see that the food or beverage is free from foreign or deleterious substances that injuriously affect the user': Madden v. Great A. & P. Tea Co., 106 Pa. Superior Ct. 474, 162 A. 687. The question whether such manufacturer used reasonable care in the preparation of the food or beverage is for the jury."

We are of the opinion that the protection which the law affords the consumer applies equally to the retailer, and that the negligence of defendants was for the jury.

And now, March 16, 1949, defendants' motion for judgment n. o. v. is overruled. Plaintiff's motion for a new trial is allowed, and a new trial granted.