JENNIE V. KUSCHY, ADMINISTRATRIX (ESTATE OF JOHN J. KUSCHY) *v.* HARRY L. NORRIS, JR., ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE NO. 120815
AT BRIDGEPORT

Memorandum filed October 27, 1964

*Samuel C. Derman,* of Bridgeport, for the plaintiff.

*O'Connell & Dolan* and *Cotter & Cotter,* of Bridgeport, for defendants Harry L. Norris, Jr., and Eileen M. Norris.

*Maher & Maher,* of Bridgeport, for defendant The Cochrane Chevrolet Company.

THIM, J. These allegations of fact are contained in the complaint: On January 3, 1964, the defendant Harry L. Norris, Jr., purchased a used automobile from the defendant Cochrane Chevrolet Company, a dealer in new and used automobiles. On the same day, the daughter of Norris, while driving the above-mentioned automobile, collided with an automobile driven by John J. Kuschy. As a result of injuries sustained in the accident, Kuschy expired. The plaintiff, administratrix of Kuschy's estate, claims that the Norris automobile at the time of the accident contained a defective braking system. In the third count of the complaint, the plain-

tiff alleges that the defect was a breach of an expressed or implied warranty of merchantability and warranty of fitness made by Cochrane when the automobile was sold to Norris.

The pending demurrer attacks the legal sufficiency of the cause of action alleged against Cochrane in the third count on the sole ground that the plaintiff has no cause of action based on the theory of a breach of warranty. The issue is this: May an automobile motorist, injured on a public highway by another operator of a motor vehicle, maintain a cause of action for breach of warranty for injuries sustained against the person who sold the vehicle to the other party involved in the accident?

The complaint fails to disclose that the plaintiff's decedent was in privity of contract with Cochrane. Prior to the decision of *Hamon* v. *Digliani,* 148 Conn. 710, the law in our state was clear that no action could be maintained for injuries arising out of an alleged breach of warranty without the essential element of privity of contract existing between the plaintiff and the defendant. In *Hamon,* the court held that lack of privity did not bar a cause of action based on a breach of warranty. However, the factual situation in that case is substantially different than the facts alleged in the plaintiff's complaint. In *Hamon,* the plaintiff was burned and injured when the contents of a nationally advertised product spilled on her. She sought recovery against the manufacturer of the product. In holding that the plaintiff had alleged a valid cause of action, our court said (p. 718): "The manufacturer or producer who puts a commodity for personal use or consumption on the market in a sealed package or other closed container should be held to have impliedly warranted to the ultimate consumer that the product is reasonably fit for the purpose intended and that it does not contain any harmful and deleteri-

ous ingredient of which due and ample warning has not been given. . . . Where the manufacturer or producer makes representations in his advertisements or by the labels on his products as an inducement to the ultimate purchaser, the manufacturer or producer should be held to strict accountability to any person who buys the product in reliance on the representations and later suffers injury because the product fails to conform to them. . . . Lack of privity is not a bar to suit under these circumstances."

In the instant case, Cochrane sold a used automobile and, according to the allegations of the complaint, Cochrane made warranties to the purchaser at the time of the sale. It is these warranties that the plaintiff is attempting to enforce on behalf of a person who was not in privity with Cochrane at the time of the accident. To allow the warranty to run to members of the public such as persons who are in the path of harm from a defective automobile, the court would have to conclude that privity should be entirely disregarded.

Extending the benefits of an implied warranty to persons who, in the reasonable contemplation of the parties to the warranty, might be expected to be a user of the property has developed under both our case law and our statutory law. Although such cases as *Henningsen* v. *Bloomfield Motors, Inc.*, 32 N.J. 358, *Hamon* v. *Digliani*, supra, and *Connolly* v. *Hagi*, 24 Conn. Sup. 198, have extended the right of other persons to claim under a warranty, no reported cases can be found which extend the benefits to members of the public. The *Connolly* case extended the warranty to all those who could reasonably be expected to use, occupy or service the operation of the chattel. The activity of the decedent at the time of the accident did not bring him within the purview of the extension of the rule in the *Henningsen* case

or even within the more liberal rule followed in the *Connolly* case. When the contract of sale in the instant case was entered into, Kuschy was not a person who, in the contemplation of the parties to the contract, might be expected to use, occupy or service the used automobile.

Sound reasons justified modification of the strict rule of privity in such cases as *Hamon* v. *Digliani,* supra, *Henningsen* v. *Bloomfield Motors, Inc.,* supra, and *Connolly* v. *Hagi.* However, the rule should not be extended to allow a member of the public to recover from a used-car dealer on a breach of warranty claim under the allegations as alleged in the third count of the pending complaint.

For the aforesaid reasons, the demurrer is sustained.