## Stone v. Kuhn

*George F. Douglas, Jr.*, for plaintiff.

*James D. Flower, Myers, Myers, Flower & Johnson*, for defendant.

KUGLER, P. J., January 30, 1969.—The complaint in this action alleges that defendant, John C. Kuhn, was engaged in the business of selling used automobiles to the public on March 2, 1968. The complaint further alleges that defendant John C. Kuhn, sold a used 1949 Ford Truck to Wayne Lesher on March 2, 1968, and that at 2:30 a. m. on the following day, the said truck became disabled on the travelled portion of State Highway Route 274, between New Bloomfield and Elliottsburg, in Perry County, Pa.

Plaintiff, George L. Stone, further alleges that the said truck became disabled due to a defective radiator hose, and that the defective hose was inherently dangerous to both Wayne Lesher and the public, that defendant expected the said truck to be used in the same condition as it was when delivered to Wayne Lesher, and that the said truck reached Wayne Lesher in substantially the same condition in which it was sold.

In the alternative, the complaint also alleges a failure of the defendant, John C. Kuhn, to warn the said Wayne Lesher of the said defective radiator hose.

Plaintiff continues to allege in paragraphs 14 and 15 of the complaint as follows:

"14. As a result of the said defective radiator hose, the said Ford Truck became disabled on the said Route 274 at the aforesaid 2:30 A. M., March 3, 1968,

and while the truck was standing on the said 274 in a disabled condition, the plaintiff, operating a 1964 Ford Panel Truck, ran into the said 1949 Ford Truck, having been unable to see the disabled truck because of the oncoming headlights of a milk truck driven by Nelson Gillam, R. D. 1, McVeytown, Pa."

"15. As a result of the aforesaid collision, the plaintiff received injuries to both of his eyes which caused total and hopeless blindness in both eyes. He also incurred a cerebral contusion and severe facial lacerations. He also incurred a loss of his sense of smell, a fractured skull and a fractured little finger of his right hand."

Defendant, John C. Kuhn, filed preliminary objections to the complaint in the nature of (1) demurrer and (2) motion for more specific complaint.

There is no allegation in the complaint that defendant, John C. Kuhn, had any personal knowledge of the alleged defective condition of the radiator hose and at argument plaintiff's counsel admitted that there is no evidence available to plaintiff of defendant having such knowledge and that plaintiff was relying solely on the doctrine of strict liability.

The court will first consider the demurrer and in view of its determination of that question there will be no need to consider the motion for more specific pleading.

In considering a demurrer the question to be decided is whether, upon the facts averred, the complaint shows with certainly that the law will not permit a recovery by plaintiff: Goodrich-Amram Civil Practice, page 94.

Applying the foregoing test we will consider the complaint in its entirety.

Plaintiff admittedly is relying upon Restatement 2d, Torts, §402A (Approved May, 1964), entitled "Special

Liability of Seller of Product for Physical Harm to User or Consumer," which states as follows:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in subsection (1) applies although

"(a) the seller has exercised all possible care in the preparation and sale of his product, and

"(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

The foregoing language of §402A, Restatement 2d, Torts, was adopted as the law of Pennsylvania in the case of Webb v. Zern, 422 Pa. 424 (1966).

The court agrees that this section is applicable to a used car dealer. See Lewis v. E. F. Moore, Inc., 42 D. & C. 2d 614.

Plaintiff concedes that he is neither a "user" nor "consumer" as those terms are described in comment 1 of §402A, Restatement 2d, Torts but contends that §402A also is applicable to a third person who was neither a "user" nor "consumer."

In support of his contention plaintiff cites Mitchell v. Miller, in the Superior Court of Connecticut, New Haven County at New Haven, Oct. 13, 1965, 26 Conn. Sup. 142, 214 A. 2d. 694, where the court overruled a demurrer filed by General Motors Corporation, one of the defendants in said action, in which case a golfer on a golf course was struck and killed by an automobile

manufactured by General Motors Corporation and parked on the golf course which allegedly had a defective transmission, which failed to lock in parked gear. The court said that the vehicle in question, because of the aforesaid defect, constituted a hazard not only for the passengers in the vehicle, but for pedestrians as well, who are innocent bystanders.

Plaintiff further cited Piercefield v. Remington Arms Co., 375 Mich. 85, 133 N.W. 2d. 129, where a bystander was permitted to recover for injuries sustained when the barrel of a shotgun exploded due to a defective shotgun shell, and Cintrone v. Hertz Truck Leasing & Rental Service, 45 N. J. 434, 212 A. 2d 769 (1965), where the court stated that a defective leased vehicle was a danger not only to the lessee and his employes but to "members of the public" as well.

Comment o in the Caveat to §402A, Restatement 2d, Torts states as follows:

"o. Injuries to non-users and non-consumers. Thus far the courts, in applying the rule stated in this Section, have not gone beyond allowing recovery to users and consumers, as those terms are defined in Comment l. Casual bystanders, and others who may come in contact with the product, as in the case of employees of the retailer, or a passer-by injured by an exploding bottle, or a pedestrian hit by an automobile, have been denied recovery. There may be no essential reason why such plaintiffs should not be brought within the scope of the protection afforded, other than that they do not have the same reasons for expecting such protection as the consumer who buys a marketed product; but the social pressure which has been largely responsible for the development of the rule stated has been a consumers' pressure, and there is not the same demand for the protection of casual strangers. The Institute expresses

neither approval nor disapproval of expansion of the rule to permit recovery by such persons."

Plaintiff continues to contend that Pennsylvania has certainly indicated that she will extend the doctrine of strict liability in tort to the benefit of third persons. He argues that in Webb v. Zern, supra, plaintiff merely walked into a room whereupon a beer keg purchased by plaintiff's father exploded, causing injury to plaintiff and that the opinion made no attempt to categorize plaintiff as a "user."

In further support of the above contention plaintiff points out that in Miller v. Preitz, 422 Pa. 383 (1966), an infant was injured and died as a result of a defective vaporizer purchased by the infant's aunt, and in Bialek v. Pittsburgh Brewing Company, 430 Pa. 176 (1968), a beer bottle exploded, injuring a bartender, who was neither the purchaser, nor the consumer of the beer.

The court does not agree with plaintiff's contentions and finds nothing in the above cases to indicate that Pennsylvania will extend the doctrine of strict liability to third persons. Plaintiffs in all of the above Pennsylvania cases all come within the category of "users" or "consumers" as those terms are described in comment 1 of §402A, Restatement 2d, Torts, which states as follows:

"1. User or consumer. In order for the rule stated in this Section to apply, it is not necessary that the ultimate user or consumer have acquired the product directly from the seller, although the rule applies equally if he does so. He may have acquired it through one or more intermediate dealers. It is not even necessary that the consumer have purchased the product at all. He may be a member of the family of the final purchaser, or his employee, or a guest at his table, or a mere donee from the purchaser. The liability stated is one in tort, and does not require any

contractual relation, or privity of contract, between the plaintiff and the defendant.

" 'Consumers' include not only those who in fact consume the product, but also those who prepare it for consumption; and the housewife who contracts tularemia while cooking rabbits for her husband is included within the rule stated in this Section, as is also the husband who is opening a bottle of beer for his wife to drink. Consumption includes all ultimate uses for which the product is intended, and the customer in a beauty shop to whose hair a permanent wave solution is applied by the shop is a consumer. 'User' includes those who are passively enjoying the benefit of the product, as in the case of passengers in automobiles or airplanes, as well as those who are utilizing it for the purpose of doing work upon it, as in the case of an employee of the ultimate buyer who is making repairs upon the automobile which he has purchased."

Having found nothing in the law of Pennsylvania indicating that Pennsylvania has yet extended the doctrine of strict liability to third persons or casual strangers to the event or that she has indicated that she will do so, let us address ourselves to the question as to whether she should do so.

In Miller v. Preitz, 422 Pa. 383, 221 A. 2d 320, Mr. Justice Cohen stated: "Furthermore, we recognize the social policy considerations behind imposing strict liability in tort upon all those who make or market any kind of defective product, notwithstanding an absence of negligence on their part."

Justice Cohen recognized that this concept had now been embodied in the Restatement 2d, Torts, §402A, and indicated that the adoption of this concept would be forthcoming in a proper case. As previously stated the concept was adopted in Webb v. Zern, supra., very soon thereafter.

However, after careful study of the cases involving this question we feel that it was not the intention of the Supreme Court of Pennsylvania to extend this doctrine of strict liability beyond the exact language of §402A because of the social considerations involved and that the court has never indicated any intention of doing so.

To make a seller strictly liable to the whole world would be an unbearable burden upon the small businessman. Throughout our rural counties of Pennsylvania nearly every community has a used car dealer who serves a very useful purpose. Most of these dealers do not have sufficient capital to market new automobiles and most of their customers do not have sufficient capital to purchase a new automobile. The average used car dealer makes a very modest living and his customers are able to obtain a vehicle which provides them with adequate transportation to and from their places of employment. In many instances a small repair shop or garage is operated in conjunction with the used car business and the one business would not be financially self-supporting independent of the other. By imposing strict liability to the whole world upon these "sellers" would result in greatly increased insurance rates and additional expenditures which this court ventures to say would drive many of them out of business and thus deprive the community of their services.

What we have said concerning used car dealers applies to many other small businesses which could not survive if they were strictly liable to the entire world, in the absence of negligence upon their part.

In Hochgertel v. Canada Dry Corporation, 409 Pa. 610 (1963), prior to the adoption of §402A, supra, our Supreme Court recognized the harsh and unjust results in extending strict liability to the whole world,

especially where the utmost degree of care was exercised.

This court has examined the opinion in the case of Mitchell v. Miller, in the Superior Court of Connecticut, New Haven County at New Haven, 26 Conn. Sup. 142, 214 A. 2d. 694, cited by plaintiff, supra, in which General Motors Corporation demurred to the count based on breach of warranty on the ground that no privity existed between decedent and manufacturer. In overruling the demurrer the court recognized §402A, Restatement 2d, Torts, and the fact that the plaintiff was a stranger to the occurrence. In the course of the opinion, the court stated as follows:

"In the only reported case involving an injury to a nonuser in this state, the court refused to find that a cause of action, based on a warranty of fitness, existed, as against the used-car dealer from whom the car was purchased, in favor of a pedestrian who was injured as a result of a defect in the car existing at the time of the sale. The court, as a matter of public policy was unwilling to extend the doctrine of strict liability in favor of a pedestrian against a used-car dealer. See Kuschy v. Norris, 25 Conn. Sup. 383, 206 A. 2d. 275. Since the decision in the Kuschy case, the Michigan Supreme Court has applied the doctrine of strict liability in favor of an innocent bystander who was injured when the barrel of a shotgun being fired by another party exploded because of a defective shell. Piercefield v. Remington Arms Co., 375 Mich. 85, 133 N. W. 2d. 129.

"The trend toward applying the doctrine of strict liability in the case of an injury arising from the manufacture of a product which may be unreasonably dangerous and from which the likelihood of injury arising from its use is reasonably foreseeable is expanding. Foreseeable or reasonable anticipation of injury from the defect is becoming the test."

Even if the test adopted by the Connecticut Court was the standard in Pennsylvania, we are unable to see how an alleged defective radiator hose could have been foreseeable or reasonably anticipated to cause injury to plaintiff in the case before this court. This is particularly so when there is no allegation that he had knowledge of this alleged defect.

There is another factor in this case which was not raised by either party to this action either in their briefs or at oral argument.

We quote from Pennsylvania Trial Guide (1968 Cumulative Supplement), by Burton R. Laub, §523A, as follows:

"In an action against a manufacturer under Restatement 2d, Torts, §402A, a plaintiff has the burden of proving that there was a defect in the product, that the defect existed when the product left the manufacturer's hands, that the defective condition was unreasonably dangerous to a user and that there was a causal connection between the defect and the injury suffered by the user. This doctrine of strict liability is applicable to the manufacturer only if the defective condition is the sole cause of the injury in question. If a manufacturer is liable, then the distributor is also liable under the theory of vicarious liability set forth in Restatement 2d, Torts, §400. Forry v. Gulf Oil Corp., 428 Pa. 334, 237 A2d 593."

Referring to the case of Forry v. Gulf Oil Corporation, supra, we find that the court approved comment f, §402A, Restatement 2d, Torts, when it stated as follows:

". . . in the case at bar, Goodrich, the manufacturer, Gulf Tire, the wholesaler, and Keller, the retailer and immediate vendor, would also be considered 'sellers' —(comment f, §402A)."

After careful consideration of the Forry case, we cannot see any reason why a greater burden should

be placed upon a used car dealer as the immediate vendor than is placed upon a manufacturer, as they are both considered as "sellers" as that term is described in §402A, Comment f, Restatement 2d, Torts. If this is so it necessarily follows that the immediate vendor is not held to strict liability under §402A, Restatement 2d, Torts, unless the alleged defective condition was the SOLE cause of the accident.

In Forry v. Gulf Oil Corporation, supra, the court stated:

"While there is evidence that this tire was defective there is no proof or allegation that such defect ALONE caused this accident."

In the instant case now before this court there is no allegation in the complaint that the alleged defect in the radiator hose was the SOLE cause of the accident or that said defect ALONE caused the accident. The only allegations of causation are set forth in paragraphs 14 and 15 which are hereinbefore quoted in full. In both of these paragraphs plaintiff states "as the result of . . ." This allegation is not tantamount to alleging that it was the sole cause or that it alone caused the accident. There are frequently cases where there are accidents which are the RESULT of the negligent concurrent acts of two or more joint tortfeasors. Consequently, the allegation that an injury was the result of a certain condition is not an allegation that it was the SOLE cause thereof, or that it ALONE caused the injury complained of.

In accord with the foregoing opinion, we make the following

ORDER

And now, January 30, 1969, defendant's preliminary objection in the nature of a demurrer is sustained, and plaintiff's complaint is hereby dismissed.