[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE OF DEFENDANT CRESTWOODFORD, INC.
The Plaintiff Kristen M. Delgatti has brought this action against the Defendants Lawrence Cosmos and Crestwood Ford, Inc. seeking damages for personal injuries allegedly sustained as the result of a one-car automobile accident that occurred on the CT Page 2319 evening of August 21, 1994 in Waterbury, Connecticut. At that time, the automobile being operated by the Defendant Cosmos and in which the Plaintiff was a passenger went off the right side of the road and struck a rock embankment. The Amended Complaint is in four counts. The First and Second Counts are brought against the Defendant Cosmos, and the Third and Fourth Counts are brought against the Defendant Crestwood Ford, Inc. The First and Second Counts allege that the accident occurred when the Defendant Cosmos "lost control" of the automobile, and respectively allege negligence and reckless conduct on his part.
The Third and Fourth Counts brought against the Defendant Crestwood Ford, Inc. allege that the accident was caused by defective brakes. The Third Count alleges that this Defendant was negligent, inter alia, in improperly inspecting and repairing the subject brakes, when, on August 11, 1994, it serviced the subject automobile "owned by Kimberly Cosmos." The Fourth Count alleges a breach of warranty on the part of this Defendant, in that when on August 1, 1994 the Defendant Lawrence Cosmos "purchased" the subject used automobile from Crestwood Ford, Inc., this Defendant warranted the automobile to be in all respects in good and running condition and without any substantial mechanical defect, when in fact the brakes were not functioning properly.
The Defendant Crestwood Ford, Inc. has filed a motion to strike the Fourth Count of the amended complaint, claiming that it fails to state a cause of action upon which relief may be granted. Specifically, Crestwood Ford, Inc. asserts that as the Plaintiff was not a party to any alleged agreement with it, the Plaintiff cannot seek to enforce any breach of warranty due to a lack of privity. The Plaintiff has filed an objection to this motion to strike, and an accompanying memorandum of law. It is this motion to strike which is presently before the Court.
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 151; Ferryman v. Groton, 212 Conn. 138, 142
(1989). "[A]ll facts well pleaded and those facts necessarily implied from the allegations are taken as admitted." Amodio v.Cunningham, 182 Conn. 80, 82-83 (1980). "[T]he court must construe the facts alleged in the pleading in the manner most favorable to the Plaintiff." Rowe v. Godou, 209 Conn. 273, 278
(1988). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them." Ferryman v. Groton, supra, 142. If the facts provable under the allegations would support a defense or CT Page 2320 cause of action, the motion to strike must fail. Id.
As a general rule, "in order to sustain an action for breach of express or implied warranty there has to be evidence of a contract between the parties, for without a contract there [can] be no warranty." Hamon v. Digliani, 148 Conn. 710, 712 (1961). Privity is necessary. "Where there is no sale of the product to the Plaintiff, there is no privity of contract." Teodoro v.Dolan, Superior Court, judicial district of New Haven, Docket No. 303297 (December 27, 1991, Gray, J.)
Plaintiff acknowledges this general rule and concedes that she lacks privity with this Defendant. Instead, Plaintiff relies upon an exception to this rule enunciated in Hamon v. Digliani,
supra, Connolly v. Hagi, 24 Conn. Sup. 198 (1963), and cases cited therein. The plaintiff in Hamon was a retail consumer purchaser of a product manufactured by the defendant. The plaintiff in Connolly was an automobile repairman injured by a defective automobile manufactured by the defendant and purchased by his customer. In each case the defendants were manufacturers of the alleged defective product who had "massively" advertised the worthiness of their product, advertising upon which the subject purchasers had relied.
In the present case there is no claim by the Plaintiff that the purchase in question was in any part based on relevant advertising by the Defendant. As such, this case is much more analogous to Kuchy v. Norris, 25 Conn. Sup. 383 (1964), relied on by the Defendant. Kuchy sustained a demurrer to a claim by a plaintiff injured in a collision with a motor vehicle having defective brakes operated by a purchaser of that vehicle from the defendant used car dealer. The court refused to extend the foregoing modification of the strict rule of privity, stating that there was nothing to indicate that at the time the subject contract was entered into, the plaintiff, as a member of the general public, was "a person who, in the contemplation of the parties to the contract, might be expected to use, occupy or service the used automobile." Kuchy v. Norris, supra, 386. Such is the case here.
Plaintiff further claims that she falls under General Statutes § 42a-2-318, which extends seller's warranties to certain third party beneficiaries of a seller's warranties. That statute reads in pertinent part that "[a] seller's warranty whether express or implied extends to any natural person who is CT Page 2321 in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods . . ." General Statutes §42a-2-318. Nowhere in the Plaintiff's complaint does she allege that she was in the "family or household" of the Defendant buyer, Lawrence Cosmos, or that she was a "guest in his home." The Plaintiff is simply not among those parties enumerated as being covered by the statute.
The motion of the Defendant Crestwood Ford, Inc. to strike the Fourth Count of the Amended Complaint is granted.
FINEBERG, J.