## Hochgertel, Appellant, *v.* Canada Dry Corporation.

Argued September 26, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Norman Paul Wolken,* with him *Norman Landy,* and *Wolken & Landy,* for appellant.

*Norman J. Cowie,* with him *Pringle, Bredin & Martin,* for appellee.

OPINION BY MR. JUSTICE EAGEN, January 21, 1963:

The plaintiff, a bartender on duty in the clubhouse quarters of a fraternal organization, was injured by flying glass fragments, when an unopened bottle of carbonated soda water exploded as it was standing on the counter behind the bar. The soda water was previously bottled, sold and delivered by the defendant to plaintiff's employer. The plaintiff sued the defendant bottler manufacturer in assumpsit, charging a breach of implied warranties, namely: (1) That the

soda water was of merchantable quality; (2) That it was fit and safe for the purposes for which it was sold.[1] The court below sustained preliminary objections to the complaint in the nature of a demurrer. This appeal followed, challenging the legal correctness of this order.

There is no doubt that when the defendant manufacturer sold the bottle of soda water to the fraternal lodge involved, it impliedly warranted *to the purchaser* that the contents of the bottle were fit for the purposes intended. See, *Bonenberger v. Pittsburgh Mer. Co.,* 345 Pa. 559, 28 A. 2d 913 (1942); *Loch v. Confair,* 361 Pa. 158, 63 A. 2d 24 (1949).

Two interesting questions are posed by this appeal: (1) Did this implied warranty extend to the plaintiff, an employee of the purchaser? (2) Did the warranty cover the container as well as the contents of the bottle? Our answer to the first question is determinative of the case.

Pennsylvania was the first state to adopt the Uniform Commercial Code (Code). See, Act of April 6, 1953, P. L. 3, as amended, 12A P.S. §§1-101 et seq. Clearly the Code gives no basis for the extension of the existing warranty to an *employee* of the purchaser. The pertinent provision, Section 2-318, is as follows: "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

Comment 2, which follows this provision of the Code states: "The purpose of this section is to give the

---

[1] Plaintiff also sued in trespass based upon negligence. This action is still pending and we are not concerned herein with plaintiff's right to maintain this action.

buyer's family, household and guests the benefit of the same warranty which the buyer received in the contract of sale, thereby freeing any such beneficiary from any technical rules as to 'privity.' It seeks to accomplish this purpose without any derogation of any right or remedy resting on negligence. It rests primarily upon the merchant-seller's warranty under this Article that the goods sold are merchantable and fit for the ordinary purposes for which such goods are used rather than the warranty of fitness for a particular purpose. Implicit in this section is that any beneficiary of a breach of warranty may bring a direct action for breach of warranty against the seller whose warranty extends to him."

Comment 3 then states: "This section expressly includes as beneficiaries within its provisions the family, household, and guests of the purchaser. Beyond this, the section is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to others in the distributive chain."

It is clear from the language used that in order to qualify as a person (not a buyer), who is within the protection of the warranty, one must be a member of the buyer's family, his household or a guest in his home. An employee is definitely in none of these categories.[2] For the meaning of the words, "family" and "household" see, *Way Estate,* 379 Pa. 421, 109 A. 2d 164 (1954) and *Shank Estate,* 399 Pa. 656, 161 A. 2d 47 (1960).

---

[2] Connecticut adopted the Code effective October 1, 1961. A statute presently in effect (Gen. Stat. Conn. Supp. 1953, Sec. 2160C) is exactly similar in its provisions to Section 2-318 of the Code. In interpreting this language, it was held that a maid was not a member of the buyer's household, *Duart v. Axton-Cross Co.,* 19 Conn. Supp. 188, 110 A. 2d 647.

Under the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 P.S. §533, words and phrases must be construed according to their common approved usage. Further, it is not for us to legislate or by interpretation to add to legislation, matters which the legislature saw fit not to include: *Altieri v. Allentown Retirement Board,* 368 Pa. 176, 81 A. 2d 884 (1951), and *Commonwealth ex rel. Fox v. Swing,* 409 Pa. 241, 186 A. 2d 24 (1962).

Since the Code was not intended to restrict the case law in this field (see, §2-318, Comment 3, supra), a study of pertinent Pennsylvania authorities is also necessary for the purposes of this decision.

The general rule in the United States is that the mere resale of a warranted article does not give a subpurchaser the right to sue the manufacturer in assumpsit, on the basis of breach of warranty, for damages incurred by him due to a defect in the quality of the goods. Pennsylvania decisions are in accord with this general proposition. The warranty is personal to the immediate or original buyer, and he alone may avail himself of the benefit thereof. This limitation is based on the rule of privity of contract. See, 1 Williston, Sales, §244, and 77 C.J.S. Sales §305.

However, nearly a third of the American jurisdictions, including Pennsylvania, have broken away from the rule of "privity of contract" in cases involving food, beverages and like goods for human consumption, and have for various stated reasons permitted a *subpurchaser* to sue the manufacturer directly in assumpsit for breach of an implied warranty that the food was wholesome and fit to eat. See, Prosser, Torts, Ch. 17, §84 (2d ed. 1955); *Nock v. Coca Cola Bot. Wks. Pgh.,* 102 Pa. Superior Ct. 515, 156 A. 537 (1931); *Catani v. Swift & Co.,* 251 Pa. 52, 95 A. 931 (1915).

A close study of *Nock* and *Catani,* supra, will disclose that the courts did not therein outrightly reject

the "privity of contract" rule, but extended the obligation of the manufacturer to the subpurchaser in such instances upon the basis of the demands of "social justice." Regardless of the rationale employed in these decisions, it is now established beyond argument in Pennsylvania that a subpurchaser may sue the manufacturer directly in food cases for breach of an implied warranty of fitness regardless of the lack of privity. Since the enactment of the Code, this right is extended to members of the subpurchaser's family, his household and guests in his home. If the action is prosecuted in trespass on the basis of negligence, against both the dealer and the manufacturer, and the doctrine of exclusive control is applicable thereto, after the plaintiff offers testimony as to the circumstances of the accident, the duty of coming forward with evidence showing the exercise of due care is upon the defendants: *Loch v. Confair*, 372 Pa. 212, 93 A. 2d 451 (1953).

In no case in Pennsylvania has recovery against the manufacturer for breach of an implied warranty been extended beyond *a purchaser* in the distributive chain. In fact, the inescapable conclusion from *Loch v. Confair*, 361 Pa. 158, 63 A. 2d 24 (1949), is that no warranty will be implied in favor of one who is not in the category of a purchaser.[3]

Despite arguments to the contrary, we see no impelling meritorious reason why the warranty should be extended to an employee of a purchaser. He is a complete stranger to any contractual transaction involved. His cause of action is basically one of tort and should stand or fall thereon. To grant such an extension of the warranty, as urged herein, would in effect render the manufacturer a guarantor of his

---

[3] The Code, as previously pointed out, extends coverage to other individuals but the plaintiff fits into none of the stipulated classifications.

product and impose liability in all such accident cases even if the utmost degree of care were exercised. This would lead to harsh and unjust results.

Further, in express warranties the purchaser or subpurchaser can rely thereon, for they are considered a part of the consideration for the purchase and are meant to be relied upon by the purchaser. See, *Silverman v. Samuel Mallinger Co.,* 375 Pa. 422, 100 A. 2d 715 (1953). So also, the basis for recovery upon an implied warranty, absent a specific statutory exception such as contained in the Uniform Commercial Code, must be that the implied warranty forms a part of the consideration for the contract, and flows from manufacturer to subpurchaser through the conduit of a contractual chain.

Plaintiff has an adequate remedy in trespass, and in accordance with the judicious regulations. as to proof, enunciated in *Loch v. Confair,* 372 Pa., supra, both parties will enjoy a fair day in court.

Order affirmed.

Mr. Justice MUSMANNO dissents.