## Kennedy v. Ford Motor Co.

Before Forrest, P. J., Honeyman and Quinlan, JJ.

*L. E. Murphy*, for plaintiff.

*L. Bechtle*, for defendant.

FORREST, P. J., October 22, 1963.—In this action in equity to rescind a contract of sale of an automobile and to recover the purchase price, defendant who manufactured the automobile and who sold it to plaintiff's vendor, has filed preliminary objections to the complaint on the grounds that the complaint does not state a cause of action and that even if it does state a cause of action, the nonstatutory remedy at law is full, complete and adequate.

The well-pleaded material allegations of the complaint are considered admitted for purposes of the preliminary objections. The facts for such purposes may be stated as follows: Plaintiff purchased a new Lincoln sedan from Montco Motors, Inc., which was duly authorized by the defendant, Ford Motor Company, to sell its automobiles. Plaintiff made this purchase in reliance upon a "dealer's service policy" signed by Montco's agent and by plaintiff. This provides as follows:

"Dealer Warranty. Ford Motor Company has warranted to the dealer who, pursuant to his sales agreement with the company, hereby, on his own behalf, warrants to the purchaser each part of this Lincoln Continental to be free under normal use and service from defects in material and workmanship for a period of twenty-four months from the date of delivery to the purchaser or until it has been driven for twenty-four thousand miles, whichever comes first. This warranty shall be fulfilled by the dealer (or if the purchaser is traveling or has moved to a different locality, by any authorized Lincoln Continental Dealer) replacing at his place of business, free of charge including related labor, any such defective part. This warranty shall not apply to tires . . . or to normal maintenance services . . . or to normal replacement of service items. This warranty is expressly in lieu of any other express or implied warranty, including any implied warranty of merchantability or fitness, and of any other obligation on the part of the dealer."

Approximately five months after making the purchase, plaintiff, who was trying to arrange for defendant's recommended 6,000-mile check-up, discovered that Montco Motors, Inc., had gone out of business. Plaintiff alleged that "there is a non-conformity in plaintiff's automobile which substantially impairs the value of said automobile to plaintiff"; that "the defendant knew or should have known, or could have known, that (Montco) would cease to do business while the dealer warranty was still in effect"; that at plaintiff's request, Waller Motors, Inc., another of defendant's authorized dealers, made the recommended 6,000-mile check-up, but did so negligently and defectively; that immediately thereafter, realizing that performance of the dealer warranty was "impossible", plaintiff

tendered the automobile to defendant, and demanded the return of the purchase money.

The prayer of plaintiff's complaint is that the sale be rescinded. However, the seller has not been made the defendant. In an action for rescission of an agreement of sale, the seller is the indispensible party defendant. Ford Motor Company was not the seller and hence is not a proper party defendant in this action, being in equity asking for recission.

All that plaintiff seeks is a recovery of money, under section 2-711 of the Uniform Commercial Code of October 2, 1959, P. L. 1023, PS §2-711, which provides:

"(1) Where . . . the buyer rightfully rejects or justifiably revokes acceptance then with respect to any goods involved, . . . the buyer may cancel . . . so much of the price as has been paid . . ."

The remedy at law is adequate and in such case the complaint should be dismissed or certified to the law side of the court: Bishoff v. Valley Dairy Co., 302 Pa. 125 (1930); Knup v. Philadelphia, 386 Pa. 350 (1956).

If this were an action in assumpsit for breach of warranty, or an action in trespass, it might be necessary to consider other matters mentioned in plaintiff's and defendant's briefs, particularly "whether the seller's warranties given to his buyer who resells, extend to others in the distributive chain": Uniform Commercial Code, section 2-318, comment 3. We note in passing that "The general rule in the United States is that the mere resale of a warranted article does not give a sub-purchaser the right to sue the manufacturer in assumpsit, on the basis of breach of warranty, for damages incurred by him due to a defect in the quality of the goods. Pennsylvania decisions are in accord with this general proposition [with exceptions which

are inapplicable here]. The warranty is personal to the immediate or original buyer, and he alone may avail himself of the benefit thereof": Hochgertel v. Canada Dry Corporation, 409 Pa. 610, 614 (1963).

It may be that plaintiff will be able to state a cause of action at law, although it is clear that she cannot do so in equity. Accordingly, the action should be certified to the law side of the court, with leave to plaintiff to file an amended complaint.

And now, October 22, 1963, the preliminary objection in the nature of a demurrer is sustained. The action is certified to the law side of the court. Plaintiff is allowed 20 days from the date hereof within which to file an amended complaint.