## Yentzer, Appellant, *v.* Taylor Wine Company.

Submitted January 10, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edwin W. Tompkins, II,* and *Tompkins & Tompkins,* for appellant.

*A. Grant Walker, John H. Cartwright,* and *Gifford, Graham, MacDonald & Illig,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 21, 1964:

In this action of assumpsit, plaintiff appeals from the judgment of the court below sustaining preliminary objections in the nature of a demurrer and dismissing the complaint.

The facts pleaded may be summarized as follows: Plaintiff, employed as manager of a hotel, personally

purchased from a state liquor store, on behalf of his employer, four bottles of champagne produced and bottled by the defendant-corporation. The wine was intended for use and consumption by guests of the hotel. While plaintiff and other employees were preparing to serve the wine, a cap from one of the bottles suddenly ejected, propelled through the air and hit plaintiff in the eye, resulting in serious injury. This suit followed, based upon an alleged breach of the following implied warranties: (1) that the goods were adequately and safely packaged; (2) that the goods were fit for the ordinary purposes for which such goods were sold.

The lower court determined that our recent decision in *Hochgertel v. Canada Dry Corp.*, 409 Pa. 610, 187 A. 2d 575 (1963), controlled and dismissed the complaint. We do not think that the rigid construction we placed on a seller's warranty in *Hochgertel* should be extended to a situation such as this.

The Uniform Commercial Code, §2-318, 12A P.S. §2-318 reads as follows: "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

Comment 3 to this section states: "Beyond this, the section is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain."

In *Hochgertel* we noted that an employee of the purchaser was not within the group to which the warranty of merchantability was specifically extended by §2-318 and on this basis refused to extend to such employee the benefit of the warranty.

However, we also recognized that we had abandoned the strict privity requirement in food cases and now permit in such actions the extension of the warranty of merchantability to persons within the distributive chain. While this statement in *Hochgertel* specifically referred to employer sub-purchasers, we did not foreclose the inclusion of the actual purchaser even though he be an employee of the party to whom title to the product passed.

"Buyer" is defined in §2-103 of the Code, 12A P.S. §2-103 as "a person who buys or contracts to buy." Plaintiff is clearly a buyer within this definition and he is therefore definitely in the distributive chain. Were he an employee who had not "contracted to buy" the product, *Hochgertel* would control. But since the plaintiff was cast in the important role of "buyer" and consummated the "contract to buy" for his employer, the fact that he is an employee does not exclude him from the benefits of the warranty and deprive him of a right of action.

Judgment reversed.

———

DISSENTING OPINION BY MR. JUSTICE EAGEN:

In *Hochgertel v. Canada Dry Corp.*, 409 Pa. 610, 187 A. 2d 575 (1963), we recently ruled that an implied warranty such as is asserted in this case extends to the actual purchaser of the goods involved, a member of his family or household, and a guest in his home, but to no other person. We specifically stated that it did not extend to or include an employee of the purchaser. The majority ruling is a clear departure from that decision.

When the plaintiff made the purchase of the bottles of wine involved, he was *admittedly* acting on behalf of his employer, the hotel, who was catering at the wedding party. While the complaint, understandably, does not show that the wine was purchased under a

liquor license issued to the hotel by the Pennsylvania Liquor Control Board, it is a reasonable assumption that this was the fact and that such will be established at trial. Under such circumstances, the plaintiff was not the "purchaser" either under the provisions of the Uniform Commercial Code (Act of April 6, 1953, P. L. 3, as amended, 12A P.S. §1-101 et seq.), or long established principles of agency law.

Sections 1-201 (32) (33) of the Code defines a purchaser as one who takes by purchase, and then defines "purchase" as a voluntary taking that creates *an interest* in the property taken. The plaintiff did not become vested with any interest in the wine merely because he served in the capacity of a messenger for the purpose of picking it up at the liquor store for his employer. Title and complete interest passed to the hotel, the legal and real purchaser. Logic permits no other conclusion.

Nor is any other conclusion justified under firmly entrenched principles of agency law. Where a person acts in a representative capacity, he is merely the alter ego of his principal. The acts of the agent are those of the principal and nothing else. The agent is not a party to any contract entered into on behalf of his principal, nor does he become vested with any interest therein. See, *Penna. Co. v. Wallace,* 346 Pa. 532, 31 A. 2d 71 (1943), and *Geyer v. Huntingdon Co. Agr'l Ass'n,* 362 Pa. 74, 66 A. 2d 249 (1949).

The effect of the majority decision is to make the defendant-manufacturer a guarantor of its product to an individual and class not provided for or intended by the Code. It should be noted also that this is not "a food case" as the majority opinion assumes. The cause is bottomed upon the alleged inadequacy of the package container.

In my opinion, the plaintiff has an adequate remedy in trespass, and with the judicious regulations as to

proof enunciated in *Loch v. Confair*, 372 Pa. 212, 93 A. 2d 451 (1953), will enjoy full protection of his rights in such an action.

I dissent.

Mr. Chief Justice BELL joins in this dissenting opinion.