Albert G. **DRIVER**, Administrator of the Estate of Boleslaus Olszewski, Deceased,

v.

**F. A. MITCHELL CO.**

and

**E. M. Hanson & Co.**

Civ. A. No. 32718.

United States District Court
E. D. Pennsylvania.

May 18, 1964.

As Amended May 25, 1964.

Joseph A. Malloy, Jr., of Hamilton, Darmopray & Malloy, Philadelphia, Pa., for plaintiff.

William J. McKinley, Jr., of Swartz, Campbell & Detweiler, Philadelphia, Pa., for defendant F. A. Mitchell Co.

FREEDMAN, District Judge.

This is a Pennsylvania diversity suit for personal injury. The complaint contains two counts against the defendant, F. A. Mitchell Co. One count alleges negligence; the other alleges breach of warranty. Defendant, Mitchell Co., has filed a motion for summary judgment under Rule 56 on the warranty count, claiming the absence of privity between plaintiff's decedent and the defendant.

Despite the arguments of plaintiff's counsel to the contrary, the conclusion is inescapable that under Pennsylvania law defendant's warranty did not extend to plaintiff's decedent, who was an employee of the buyer. The governing rule was recently announced in Hochgertel v. Canada Dry Corp., 409 Pa. 610, 187 A.2d 575 (1963). In the more recent case of Yentzer v. Taylor Wine Co., 414 Pa., 272, 199 A.2d 463 (1964), the Hochgertel case was formally reaffirmed but was held inapplicable to an employee who personally made the purchase for his employer and therefore was treated as a buyer of the defective goods. The Yentzer case foreshadows perhaps the ultimate decay of the limitation recognized in Hochgertel. But at this time the Pennsylvania rule is clear and I must, of course, act on it, however one may speculate on its future development.

Defendant's motion, however, encounters a procedural barrier. The Federal Rules of Civil Procedure do not provide for a "partial summary judgment" under Rule 56.[1] Since the elimination of the warranty count will not

completely dispose of the case, the appropriate remedy is provided by subsection (d) of Rule 56, which authorizes an order limiting the issues to be tried, by analogy to Rule 16 relating to pretrial orders.[2] Professor Moore recommends that this should be called an "interlocutory summary adjudication". 6 Moore, Federal Practice (1953), § 56.20 [3]. Such an adjudication preliminary to the trial is not a final judgment, and has the virtue that if subsequent developments in this changing area of Pennsylvania law make it appropriate, the conclusion here reached may be reconsidered at the pretrial conference or at the trial.

ORDER

And now, May 18, 1964, count II of the complaint is declared insufficient as a matter of law and the issue of liability for warranty under count II is eliminated from the case.

---

1. Coffman v. Federal Laboratories, 171 F.2d 94 (3d Cir. 1948), cert. den. 336 U.S. 913, 69 S.Ct. 603, 93 L.Ed. 1076 (1949); Daniels v. Beryllium Corp., 211 F.Supp. 452, 456 (E.D.Pa.1962); 6 Moore, Federal Practice (1953), § 56.20.

2. See Coffman v. Federal Laboratories, supra, n. 1; Daniels v. Beryllium Corp., supra, n. 1.