Richard E. TUCKER, Plaintiff,

v.

CAPITOL MACHINE, INC., Defendant.

Civ. No. 69-26.

United States District Court
M. D. Pennsylvania.

Dec. 11, 1969.

Markowitz, Kagen & Griffith, York, Pa., for plaintiff; George Psoras, Baltimore, Md., of counsel.

Dowling & Dowling, Harrisburg, Pa., for defendant.

SHERIDAN, Chief Judge.

This is a ruling on a motion by defendant for summary judgment.

The complaint, filed January 21, 1969, alleges that on April 20, 1966, plaintiff, while employed at Williamson Veneer Company, was injured when a veneer clipper machine, sold to Williamson by defendant, was unintentionally activated. The complaint sets forth three causes of action: negligence in the design and manufacture of the machine; implied warranties of merchantability and fitness; and strict liability in tort.

Jurisdiction is based on diversity of citizenship. 28 U.S.C.A. § 1332.

Defendant moves for summary judgment on the negligence and strict liability in tort counts for the reason that these are barred by the Pennsylvania two year period of limitations. 12 P.S. § 34. Since these causes are for personal injuries, the Pennsylvania two year period of limitation controls,[1] and the statute begins to run as of the date of the injury unless, in the exercise of reasonable diligence, the plaintiff could not have ascertained defendant's culpability within the statutory period. Hoef-

lich v. William S. Merrell Co., E.D.Pa. 1968, 288 F.Supp. 659; Carney v. C. N. Barnett Co., E.D.Pa.1967, 278 F.Supp. 572. In his brief, plaintiff has not addressed himself to the period of limitations, nor suggested that the statute has been tolled.

While in its answer defendant made a general denial of the allegation that the accident occurred on April 20, 1966, it raised the affirmative defense of the statute of limitations. Defendant's motion is based on the allegations of the complaint and the date the action was filed. In 6 Moore, Federal Practice para. 56.11 [2] it is stated:

"If the motion is made by the defendant solely on the basis of the complaint the motion is functionally equivalent to a motion to dismiss for failure to state a claim under Rule 12(b) (6); the complaint should be liberally construed in favor of the complainant; the facts alleged in the complaint must be taken as true; and the motion for summary judgment must be denied if a claim has been pleaded." (Footnote omitted.)

Judgment on the negligence and strict liability in tort counts will be entered in favor of defendant and against plaintiff.

Defendant moves for summary judgment on the breach of implied warranties of merchantability and fitness, for the reason that the complaint shows no privity of contract between plaintiff and defendant. Defendant argues that there is no "horizontal" privity in connection with the sale of the machine and that under Pennsylvania law the action cannot be maintained. Plaintiff argues that the law of Indiana controls, and that Indiana does not require privity of contract in an action for breach of implied warranty. Plaintiff argues further that even if Pennsylvania law were to be applied, privity is no longer required as a

---

1. Plaintiff has not contended that a period of limitation in a state other than Pennsylvania controls. While plaintiff argues that Indiana law applies to the warranty count, he has cited no applicable Indiana period of limitations. In any case, the Pennsylvania statute would apply. Carney v. C. N. Barnett Co., E.D.Pa. 1967, 278 F.Supp. 572; Prince v. Trustees of Univ. of Penna., E.D.Pa.1968, 282 F.Supp. 832.

condition precedent to maintaining the action.

■ The Pennsylvania Uniform Commercial Code, 12A P.S. § 2–318, provides:

"§ 2–318. Third Party Beneficiaries of Warranties Express or Implied

"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section. As amended 1959, Oct. 2, P.L. 1023, § 2."

This section is sometimes referred to as establishing "horizontal" privity between a seller and a member of a buyer's family, household, and guests of the buyer,[2] which enables persons in these classes to maintain an action against a seller for breach of implied warranty.[3] If Pennsylvania law is controlling, plaintiff admits that in Hochgertel v. Canada Dry Corp., 1963, 409 Pa. 610, 187 A.2d 575, the Pennsylvania Supreme Court refused to extend the doctrine of "horizontal" privity to an employee of a buyer, and held that any implied warranty by the seller does not extend to the employee. A suit by the employee for breach of the warranty, therefore, cannot be maintained.

Plaintiff argues, however, that later Pennsylvania Supreme Court cases are moving toward the abolishment of privity, citing Kassab v. Central Soya, 1968, 432 Pa. 217, 246 A.2d 848. Plaintiff states:

"The most recent decision rendered by the Pennsylvania Supreme Court, with regard to privity, was in the case of Kassab v. Central Soya, 432 Pa. 217 [246 A.2d 848] (1968), wherein the requirement of vertical privity was abolished. Though the court did note that the question of horizontal privity was not before it, it did note that there was a growing list of jurisdictions which had abolished the requirement of privity and that Pennsylvania should join this growing list of jurisdictions. This clearly indicates Pennsylvania's intent to join the growing list of jurisdictions which are abolishing the privity requirement."

In Kassab the court noted that the Code, including Section 2–318, does not cover vertical privity, and that there is nothing to prevent the court from joining those jurisdictions which, although bound by the Code, have decided that privity is not necessary in a suit by a remote purchaser against a manufacturer. The court also noted horizontal privity was not before it and stated its decision in Hochgertel remains undisturbed:

"[5] 'Consumer' as here used is not restricted only to the 'Purchaser' of the defective product, but also extends under section 2–318 of the U.C.C. to others who in fact use the defective goods and whose person or property is injured thereby. The exact limits of the class of such other persons (not the purchaser) who may sue a remote manufacturer in assumpsit, or for that matter anyone in the distributive chain, without a showing of privity involves the question of so-called 'horizontal' privity, an issue not before us in the present case. See Hochgertel v. Canada Dry Corp., 409 Pa. 610, 187 A.2d 575 (1963). The requirements of section 2–318 of the Uniform Commercial Code dealing with 'horizontal privity' are discussed more fully at note [8], infra, and accompanying text."

"[8] Our decision today has no impact on 'horizontal privity', our holding being confined solely to the issue of whether a purchaser, a member of his family or household, or a guest in his house, may sue the remote manufac-

2. The privity which exists between seller and buyer, buyer and subpurchaser, etc., is sometimes referred to as "vertical" privity.

3. Section 2–318 in reality frees the persons in those classes from any technical rules as to privity. See comment 2 to that section.

turer of a defective product for breach of warranty. Our decision therefore leaves undisturbed *Hochgertel* or any other Pennsylvania decision involving the extent of the class of product *users* entitled to the protection of a seller's or manufactured warranty."

Thus, while it may be argued that Pennsylvania decisions may indicate an intent to abolish the requirement of privity in all cases, this has not yet occurred. If Pennsylvania law controls, plaintiff cannot maintain this action. Carney v. Barnett, supra.

Plaintiff has not cited the provisions of any Indiana statutory or decisional law to support his contention that privity has been abolished in an action by an employee against his employer's vendor. Plaintiff has cited, however, federal decisions, applying Indiana law, and one in particular, Dagley v. Armstrong Rubber Co., 7 Cir. 1965, 344 F.2d 245, appears to support him.

■ The crucial question then is whether Indiana or Pennsylvania law controls. Plaintiff cites Pennsylvania Commercial Code Section 1–105(1), 12A P.S.:

"§ 1–105.  Territorial Application of the Act; Parties' Power to Choose Applicable Law

"(1) Except as provided hereafter in this section, when a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or of such other state of [sic] nation shall govern their rights and duties. Failing such agreement this Act applies to transactions bearing an appropriate relation to this state."

Plaintiff contends that since the parties have not agreed on the applicable law, the court must decide which state has the appropriate relationship to the transaction. In Griffith v. United Air Lines, Inc., 1964, 416 Pa. 1, 203 A.2d 796, the Pennsylvania Supreme Court in adopting the "grouping of contracts" "center of gravity" or "significant relationship" conflicts of law test in tort actions, indicated, in Note 17 on page 21, on page 805 of 203 A.2d, that Section 1–105 of the Code has adopted the grouping of contacts rule. The court cited authority for the proposition that the rule gives to the place having "more interest in the problem" paramount control over the legal issues arising out of a particular factual context; thereby allowing the forum to apply the policy of the jurisdiction most intimately concerned with the outcome of the litigation. Thus, in determining what law governs, traditional contract conflict rules must give way to the requirement of the Code as interpreted, though by way of dicta, by the Pennsylvania Supreme Court.

■ The present record, however, does not permit such a determination. The complaint does not spell out the facts surrounding the making and performance of the contract. No affidavits or stipulations have been filed which would disclose these facts. In his brief plaintiff states that the machine was manufactured in Indiana by an Indiana corporation and acceptance of the offer was made in Indiana. Defendant has not addressed itself to these facts, apparently on the assumption that Pennsylvania law controls.

The motion for summary judgment with respect to the second cause of action will be denied without prejudice to renewal if the facts concerning "significant contacts" are made a part of the record.