Alvin H. HOFFMAN and Fay Hoffman, Plaintiffs,

v.

A. B. CHANCE CO., Third-Party Plaintiff and Defendant.

MINNESOTA AUTOMOTIVE, INC., Defendant,

v.

BOROUGH OF MIFFLINBURG and Mifflinburg Power and Light Company, Third-Party Defendants.

Civ. No. 71–137.

United States District Court, M. D. Pennsylvania.

Aug. 17, 1972.

As Amended Aug. 18, 1972.

See also D.C., 53 F.R.D. 239.

Allen E. Ertel, John C. Youngman, Jr., Williamsport, Pa., for plaintiffs.

Arthur Silverblatt, Wilkes-Barre, Pa., for third-party plaintiff and defendant A. B. Chance Co.

Greevy, Knittle & Mitchell, Williamsport, Pa., for defendant Minnesota Automotive, Inc.

H. Clay McCormick, Williamsport, Pa. for third-party defendants Borough of Mifflinburg and Mifflinburg Power and Light Co.

## OPINION

MUIR, District Judge.

Before the Court is a motion filed by Defendant A. B. Chance Co. ("Chance") to dismiss the fifth and sixth counts of Plaintiffs' second amended complaint. This motion will be denied.

### I. The Fifth Counts

The background of Plaintiffs' action has been stated in a previous opinion of this Court:

"[T]his action stems from extremely serious personal injuries [allegedly] suffered by Plaintiff Alvin Hoffman, an employee of the Borough of Mifflinburg, Pennsylvania, when he was thrown from an hydraulic aerial platform installed on a 1965 Ford truck purchased by the Borough to facilitate work on overhead electrical lines. The complaint alleges that on October 18, 1969, while Hoffman was standing on the aerial platform, the truck's Mico Brake Lock device, manufactured by Defendant Minnesota Automotive, Inc. and installed by Defendant A. B. Chance Co., malfunctioned, permitting the truck to roll forward. The truck struck a tree, and the force of the impact catapulted Plaintiff to the ground." Hoffman v. A. B. Chance, 339 F.Supp. 1385, 1386 (M.D.Pa. 1972).

■ In the opinion just referred to, the Court held that the predecessor counts to Plaintiffs' present fifth counts would be dismissed for failure to plead the requisite elements of a claim under § 402B, Restatement of Torts, 2d. That deficiency has now been rectified. Plaintiffs' most significant amendment to their former pleading is an allegation that prior to the sale in question, Chance represented that "it was unnecessary to have another person in the cab of the vehicle while the equipment was being operated." Contrary to Chance's contention, a jury could reasonably find that the alleged statement was a misrepresentation of material fact, not mere puffing.

■ Since Plaintiffs have pleaded successfully a § 402B claim it is necessary to reach the question previously reserved: is § 402B Pennsylvania law? Because the Pennsylvania Supreme Court has neither adopted nor rejected § 402B, it is my duty to decide whether reasonable, intelligent lawyers on that court, fully conversant with Pennsylvania jurisprudence, would adopt § 402B if the issue were before them today. Cooper v. American Airlines, 149 F.2d 355, 359 (2d Cir. 1945). See Wooddell v. Washington Steel Corporation, 269 F. Supp. 958, 960 (W.D.Pa.1967). The proper guidance must come from the existing Pennsylvania law of products liability.

Chance's central objection to § 402B is that it grants to an employee injured while using a particular product a right of action against the manufacturer or seller of that product.

§ 402B and an implied warranty of merchantability express very similar theories of liability. See, e. g., Act of 1953, P.L. 3, § 2–314, 12A P.S. § 2–314(2) (f); Pritchard v. Liggett & Myers Tobacco Co., 295 F.2d 292 (3d Cir. 1961). The Pennsylvania Supreme Court has held that an injured employee does not have a right of action on a warranty to the purchaser of the product he was handling when injured. Hochgertel v. Canada Dry Corp., 409 Pa. 610, 187 A.2d 575 (1963). In my view, however, this holding would be reversed by a reasonable, intelligent lawyer sitting on

that Court today. My reasons in brief are these:

(1) The requirement of "privity" in warranty actions no longer enjoys the sanctity once accorded it. For example, in Kassab v. Central Soya, 432 Pa. 217, 246 A.2d 848 (1968), the Court overturned its prior position, expressed as recently as 1966,[1] that an injured *purchaser* of a product could not sue the remote manufacturer thereof on a warranty theory.

(2) Pennsylvania law does not view a manufacturer or seller as completely free of any responsibility toward an employee of a purchaser of their product. An injured employee has a cause of action against a manufacturer or seller on a § 402A Restatement of Torts, 2d, theory of liability for defective products unreasonably dangerous to consumers and users thereof even· if he did not purchase the product. Webb v. Zern, 422 Pa. 424, 220 A.2d 853 (1966).

(3) *Hochgertel* has led to what is in my opinion an absurd distinction in the class of persons who may sue on a warranty theory between employees who have purchased the item on their employer's behalf and those who have not. *See* Yentzer v. Taylor Wine Co., 414 Pa. 272, 199 A.2d 463 (1964).

(4) § 2–318 of the Uniform Commercial Code, which has been adopted by Pennsylvania,[2] provides that a seller's warranty "extends to any natural person who is in the family or household of the buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods." Comment 3 to this section states that aside from expressly including as beneficiaries the family, household and guests of the purchaser, the section is meant to be neutral. Therefore a reasonable, intelligent lawyer on the Supreme Court of Pennsylvania would not feel restricted by § 2–318 in

extending the benefits of a seller's warranty to an injured employee if it was reasonable to expect that such person might "use, consume or be affected by the goods."

■ Having concluded that *Hochgertel* would be reversed, I find that § 402B would be adopted as Pennsylvania law. Its imposition of strict liability on manufacturers and sellers is amply supported by the same policies which resulted in the adoption of § 402A as law in Pennsylvania. See Miller v. Preitz, 422 Pa. 383, 419–420, 221 A.2d 320 (1966) (Roberts, J., concurring and dissenting).

## II. The Sixth Counts

The sixth counts of Plaintiffs' second amended complaint are strict liability counts relating to a claim by Plaintiffs that the "Hot Stick . . . aerial platform and truck supplied to the Borough of Mifflinburg by A. B. Chance Co. was defective and unreasonably dangerous to users." Paragraphs 35 and 50 of Plaintiffs' Second Amended Complaint.

Plaintiffs' original complaint, filed March 30, 1971, did not contain any claim of strict liability based on the alleged defectiveness of the aerial platform and truck. On October 14, 1971, within two years of the accident and thus within the period of the applicable statute of limitations,[3] Plaintiffs filed an amended complaint. Defendant Chance consented to the amendments contained therein, including two counts, one for each Plaintiff, entitled "Strict Liability." These counts both alleged *inter alia* that:

"17. The hot stick model H/S 36C hydraulically operated mechanical aerial platform and truck supplied to the Borough of Mifflinburg by Defendant A. B. Chance Co. was defective and unreasonably dangerous to users, and was defectively designed and manufactured and as a result of which the in-

1. Miller v. Preitz, 422 Pa. 383, 221 A.2d 320 (1966).

2. Act of April 6, 1953, P.L. 3, § 2–318, 12A P.S. § 2–318.

3. Act of 1895, June 24, P.L. 236, Sec. 2, 12 P.S. § 34.

juries and damages hereinbefore set forth were caused to Plaintiff Alvin Hoffman."

The two sixth counts of Plaintiffs' second amended complaint each read in pertinent part as follows:

"35. The Hot Stick Model H/S 36C hydraulically operated aerial platform and truck supplied to the Borough of Mifflinburg by A. B. Chance Co. was defective and unreasonably dangerous to users when it was sold, and was defectively designed and manufactured and reached the Mifflinburg Power and Light Co. a/k/a Borough of Mifflinburg without substantial change in the condition in which it was sold; and as a result of which the injuries and damages hereinbefore set forth were caused to Plaintiff Alvin H. Hoffman."

█ Plaintiffs never requested and were not granted leave to amend the portions of their first amended complaint relating to the aerial platform and truck. Defendant Chance has moved to dismiss these portions as now expanded. Hence, the initial issue here is whether justice requires that the amendment to Plaintiffs' first amended complaint contained in Paragraph 35 above be permitted. Rule 15(a) of Fed. R.Civ.P. Because Defendant has been on notice at least since October 14, 1971 that Plaintiffs were asserting a claim of strict liability involving the aerial platform and the truck, Defendant is not prejudiced by the amendment contained in Paragraph 35. Accordingly, the amendment should be allowed. United States v. Hougham, 364 U.S. 310, 316, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960); See, e. g., Loudenslager v. Teeple, 466 F.2d 249 (3d Cir. 1972); Middle Atlantic Utilities Co. v. S. M. W. Development Corp., 392 F.2d 380 (2d Cir. 1968); Fischer & Porter Co. v. Haskett, 287 F.Supp. 831, 833 (E.D.Pa.1968).

█ Defendant Chance contends that the newly amended portion of this claim must be dismissed because it is barred by the applicable statute of limitations.

The merit of this assertion depends on whether the amendments in Paragraphs 35 and 50 of the second amended complaint relate back to the first amended complaint. In my view they do relate back because the claim there asserted arose out of the same occurrence set forth in ¶17 of Plaintiffs' first amended complaint. Rule 15(c) of the Fed.R. Civ.P. In Paragraphs 35 and 50 of their second amended complaint Plaintiffs have merely added another element of their theory of strict liability, § 402A, Restatement of Torts, 2d. Since the first amended complaint was filed on October 14, 1971, and Plaintiff Alvin Hoffman was allegedly injured on October 18, 1969, the claim relating to the aerial platform and truck asserted in the first amended complaint, presently amplified in paragraphs 35 and 50 of the second amended complaint, is not barred by the two-year statute of limitations.

No adequate reason for dismissal of the fifth and sixth counts of Plaintiffs' second amended complaint having been shown, Defendant's motion to dismiss these counts will be denied.

An Order in accordance with this Opinion will be entered.