540 A.2d 626

Knouse Foods Cooperative, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 17, 1987, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Bruce D. Bagley*, with him, *Norman I. White*, *Mc-Nees, Wallace & Nurick*, for petitioner.

*Peter V. Marks, Sr.*, with him, *Ira H. Weinstock* and *Gerard M. Mackarevich, Ira H. Weinstock, P.C.*, for intervenor, United Food and Commercial Workers.

*Donald Marritz*, for intervenors.

No appearance for respondent.

OPINION BY JUDGE BARRY, April 25, 1988:

Knouse Foods Cooperative, Inc. (Knouse) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a decision of a referee which reversed determinations by the Office of Employment Security (OES) that Knouse was engaged in seasonal apple, cherry and/or peach processing operations at its five plants for the purposes of Section 402.5 of the Unemployment Compensation Law.[1] It also appeals from orders of the Board affirming decisions of the referee that reversed determinations made by the OES and awarded claimants who had performed services for those operations unemployment compensation benefits.

---

[1] Act of December 5, 1936, P.L. 2897, *as amended*, added by Act of July 1, 1985, P.L. 96, §6, 42 P.S. §802.5.

Section 402.5 was enacted on July 1, 1985 and was to become effective in sixty days; *i.e.* on August 30, 1985. On September 18, 1985, Knouse filed applications with the OES in order to have its apple, cherry and/or peach processing operations at its plants in Biglerville, Chambersburg, Gardner, Orrtanna and Peach Glen designated as seasonal operations under Section 402. Employees performing services for those operations would as a result be ineligible to collect unemployment compensation benefits during the off-season periods for those operations based on wages earned from performing services therefor if they had reasonable assurances of employment during the next season. Knouse posted on the bulletin boards of each plant a copy of the publication seeking the seasonal designation for the fruit processing operations being conducted at that particular plant.

On November 7, 1985, the OES issued a notice of determination for each of Knouse's five plants, designating the apple, cherry and/or peach processing operations conducted at those plants as seasonal operations, with the seasons for those operations running as follows: apple processing—September 18, 1985 to March 31, 1986; cherry processing—July 5, 1985 to August 16, 1985; peach processing—August 19, 1985 to September 13, 1985. Knouse then promptly and conspicuously posted on the bulletin boards of each plant a copy of the notice of determination which announced the designation of the fruit processing operations conducted at that particular plant as seasonal operations.

Aletta Freeman, an employee at Knouse's Peach Glen plant and a member of Local 1537, of the United Food and Commercial Workers (Union), after having seen the posted notice of determination regarding that plant, contacted a representative of the OES asking for information concerning appeal rights and procedures.

This request was made several times prior to November 22, 1985, the fifteenth day following the issuance of the OES's determinations. On each occasion, Ms. Freeman was informed by the OES representative that she could and should file an appeal when she individually received a separate determination denying her unemployment compensation benefits pursuant to Section 402.5. Finally, on December 16, 1985, an official of the Union met with officials of the OES from the Central Office in Harrisburg, at which time he was advised that an appeal could be filed from the determinations of November 7, 1985. Pursuant to the above advice, the Union filed a petition for appeal from all those determinations on December 18, 1985, more than fifteen days after the determination notices had been issued, with Ms. Freeman named as the petitioner. At that time, the Union only represented employees at Knouse's Peach Glen, Orrtanna and Chambersburg plants.

Following a hearing held on April 4, 1986, Referees M. Evelyn Stehman and Carl F. Skinner, by a decision dated May 2, 1986, reversed the OES's determinations. The referees ruled that the petitioner had demonstrated grounds for allowing the appeal to be taken nunc pro tunc and that Knouse was not entitled to the seasonal designations it sought due to its failure to file its applications for seasonal determination within twenty days of the estimated beginning dates of the normal seasonal periods for which the determinations were sought. Both Knouse and the OES filed appeals from this decision to the Board. Following briefing and oral argument, the Board, by its order of August 25, 1986, affirmed the referees' decisions. Knouse then appealed to this Court from that order.

Meanwhile, subsequent to the OES's determinations of November 7, 1985, employees of Knouse who had been laid off at the end of the normal seasonal

periods for which those determinations had been sought applied for unemployment compensation benefits. Based on the determinations of November 7, 1985 and the determinations made at that time that each of the claimants had reasonable assurance that he or she would be returning to work when the next season began, the OES determined that these claimants were ineligible for benefits under Section 402.5. Timely appeals from these determinations were filed by the claimants. A series of hearings were held on these appeals subsequent to the April 4, 1986 referees' hearing on the appeal from the OES's determinations of November 7, 1985. At each of these hearings, the record of the April 4, 1986 hearing was incorporated into the record. Following each of these hearings, the referee issued decisions reversing the OES's determinations that the claimants were ineligible for benefits under Section 402.5. The referee once again held that Knouse was not entitled to the seasonal designations it had been granted due to its failure to file its application for seasonal determination at least twenty days before the estimated beginning date of the normal seasonal period for which the determinations had been sought.

Knouse and the OES filed timely appeals from these decisions to the Board, which entered orders affirming them. Knouse then appealed to this Court from those orders. The appeals from those orders and the appeal from the Board's order of August 25, 1986 have been consolidated.

Our scope of review in this matter is limited to determining whether constitutional rights have been violated, an error of law has been committed, and necessary findings of fact are supported by substantial competent evidence on the record. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). Knouse argues that: (1) the findings of

fact relevant to the issue of whether the appeal from the OES's determinations of November 7, 1985 should have been permitted nunc pro tunc are not supported by substantial evidence; (2) the findings of fact do not support a conclusion of law that an appeal from the OES's determinations of November 7, 1985 should have been permitted nunc pro tunc; (3) the Union did not have standing to file an appeal challenging the determinations of November 7, 1985 concerning plants whose employees were not represented by the Union; and (4) Knouse was entitled to a seasonal designation for the periods of time covered in their applications for seasonal determination despite their failure to comply with the filing requirement of Section 402.5(b) because the legislature did not intend for failure to comply with that provision to preclude denial of benefits to seasonal workers whose benefit years commenced on or after June 30, 1985.

This court has held that an employee performing services for a vegetable or fruit processing operation, who has been denied benefits because his employer has been designated by the OES as a seasonal operation for the purposes of Section 402.5, does not have to challenge that determination by way of an appeal from the determination. Rather, he or she needs only to appeal from the denial of benefits based on that determination. *Parker v. Department of Labor & Industry*, 115 Pa. Commonwealth Ct. 93, 540 A.2d 313 (1988). Here the individual claimants, after having been determined by the OES to be ineligible for benefits based partly on the OES's prior determinations that Knouse's apple, cherry and/or peach processing operations at its five plants were seasonal operations, filed timely appeals on their own behalf, in which they challenged those prior determinations. Consequently, this court concludes that any error in allowing the Union to file the appeal on behalf

of Ms. Freeman from the OES's determinations of November 7, 1985 nunc pro tunc and to challenge, by that appeal, the determinations relating to plants having employees of which they were not the duly authorized collective bargaining agents was harmless. Since the issue of Knouse's entitlement to the seasonal designations sought for its operations was relitigated in the appeals filed by the individual claimants from the OES's determinations regarding their ineligibility for benefits and was decided once again against Knouse, the appeal from the Board's order of August 25, 1986 is moot.

Turning to the issue of Knouse's entitlement to seasonal designations for its apple, cherry and/or peach processing operations, we note that Section 402.5(b) provides in pertinent part:

> An application for [a determination of seasonal status] *must* be made at least twenty days prior to the estimated beginning date of the normal seasonal period for which the determination is requested. (Emphasis added.)

Here, the estimated beginning dates of the normal seasonal periods of Knouse's apple, cherry and peach processing operations were, respectively, September 18, 1985, July 5, 1985 and August 19, 1985. However, Knouse's applications were filed on September 18, 1985.

In this Court's view, the word "must" makes compliance with the filing deadline set forth in the statute mandatory. Knouse, however, argues that the legislature, by Sections 8 and 9 of Act 30 of 1985,[2] indicated

---

[2] Act of July 1, 1985, P.L. 96, §§8, 9.
Section 8 provides that:
> Section 402.5 of the act shall apply to benefit years commencing on and after June 30, 1985.

Section 9 provides:
> [Section 6 of this act] shall take effect in 60 days.

an intent that, effective August 30, 1985, seasonal workers whose benefit years commenced on or after June 30, 1985, could be precluded from collecting benefits during the off-season *regardless of whether those employers had filed their applications with the OES within the time prescribed by the statute*. We do not, however, so construe the statute.

A court may not legislate or by interpretation add to legislation matters which the legislature saw fit not to include. *Hochgertel v. Canada Dry Corporation*, 409 Pa. 610, 614, 187 A.2d 575, 577 (1963). If the legislature desired to exempt employers from compliance with the filing deadline set forth in the statute, it would have so provided. Surely it would have recognized that employers having normal seasonal periods of operation beginning prior to or less than twenty days after the effective date of the statute would be unable to meet that deadline. There is, however, no such provision in the statute. The purpose for stating that Section 402.5 was to be applicable to benefit years commencing on or after June 1, 1985 is to preclude denial of benefits, pursuant to Section 402.5, to claimants whose benefit years had commenced prior to that date. Consequently, if this Court were to construe the statute as Knouse would have us do, we would in effect be writing in an exemption from a deadline which the legislature has stated an employer must meet in order to receive the seasonal designation it seeks.

We construe Sections 8 and 9 of Act 30, together with Section 402.5(b), to, in effect, provide that an employer is entitled to have an operation designated as a seasonal operation for the purposes of Section 402.5 if that operation's normal seasonal period is estimated to begin on September 19, 1985 or a date thereafter and the employer files its application for seasonal determination twenty days prior to that date and proves thereafter

by substantial, credible and competent evidence that the operation is a seasonal operation. Claimants whose benefit years commenced on or after June 30, 1985 can then be denied benefits pursuant to Section 402.5 if it is then proven by substantial, competent and credible evidence that they have reasonable assurances of returning to work for that operation in the next season. Here, Knouse's apple, cherry and peach processing operations began prior to September 19, 1985. Consequently, it was not entitled to have those operations designated as seasonal operations for the periods of time for which the seasonal determinations had been sought.

Accordingly, the orders of the Board affirming the grant of benefits to the claimants are affirmed.

ORDER

Now, April 25, 1988, the appeal from the order of the Unemployment Compensation Board of Review dated August 25, 1986, at No. B-252271 is dismissed as moot. The orders of the Board dated August 25, 1986, at B-252272, B-252274 and B-252273, and the order of the Board dated December 19, 1986, at B-254912, are affirmed.